Cynthia GUNTHER, Plaintiff,

v.

**IOWA STATE MEN'S REFORMATORY and Kevin Burns, Commissioner of the Iowa Department of Social Services, Defendants.**

No. C 77–73.

United States District Court, N. D. Iowa, Cedar Rapids Division.

March 5, 1979.

Gordon E. Allen, I.C.L.U., Des Moines, Iowa, for plaintiff.

Richard C. Turner, Atty. Gen., Stephen C. Robinson, Sp. Asst. Atty. Gen., Des Moines, Iowa, for defendants.

ORDER

McMANUS, Chief Judge.

This matter is before the court for determination of plaintiff's damages and attor-

ney's fees to be awarded plaintiff's counsel pursuant to the court's January 5, 1979 order, 462 F.Supp. 952 (N.D.Iowa 1979).

The parties have stipulated that on or about April 1, 1975 plaintiff requested and was denied promotion to Correction Officer II (COII) classification on the basis of her sex, a denial which this court has held violated 42 U.S.C. § 2000e–5. From the scant salary figures provided by the parties, the court believes that Ms. Gunther was illegally deprived of benefits due her for approximately two years of withheld COII status. Her annual salary before she was provisionally promoted to COII classification on March 18, 1977 was $9,924.00. Upon reclassification she received a $268.00 a year raise to $10,192.00. The court therefore finds that she is entitled to back pay of $536.00 for the two years spent in COI status. In addition, her present salary and benefits shall be adjusted to reflect levels commensurate with her having been promoted to COII status on April 1, 1975.

Plaintiff's attorney has applied for attorney's fees for 18.6 hours of out-of-court time.

■ Generally the factors bearing on the amount of an award of attorney's fees in civil rights cases are: (1) time and labor required; (2) novelty and difficulty of the issues; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment due to work in this case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) amount involved and result obtained; (9) experience, reputation and ability of attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with client; and (12) awards in similar cases. *Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876, 884 (8th Cir. 1977); *Cleverly v. Western Electric Company,* 594 F.2d 638 (8th Cir., 1979) *citing*

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir. 1974).

■ The present case is complicated by the fact that plaintiff's attorney represented her while retained half-time by the Iowa Civil Liberties Union at $8,000.00 per annum. Defendant urges the court to follow the calculus laid out in *Alsager v. District Court of Polk Cty., Iowa, Etc.,* 447 F.Supp. 572 (S.D.Iowa 1977). Plaintiff resists that method and suggests via a list of authorities that his salary should not be the basis for an award.

As the *Alsager* court correctly noted in considering the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988: [1]

Nothing in the Fee Award Act, its legislative history, or relevant case law indicates that the purpose of the statute was other than reimbursement for costs and time spent. Full recompense for the value of services rendered was thought by Congress to assure the continuing availability of those services.

447 F.Supp. at 577.

The court held that the fee should be keyed to the attorneys' annual salaries. Without explaining how it established a 1600 billable hour year or how it concluded that a substantial number of hours billed were "duplication of effort" and nonproductive, the court set a rate of about $15.00 an hour for two attorneys and $5.40 an hour for a third.

The court noted that after discounting the hours claimed for "duplication of effort" and "nonproduction" the total payment for all three ACLU attorneys, based on their salaries, would not be significantly different had they been paid fees usually paid private counsel. *Id.* at 578–79.

In the present case the outcome is drastically different. Applying the *Alsager* formula, plaintiff's attorney would be entitled to about $10.00 an hour or $186.00. This would constitute a travesty and substantial-

---

**1.** Although this award is made pursuant to 42 U.S.C. § 2000e–5(k) and not 42 U.S.C. § 1988, the purposes of the parallel legislation and case law dealing with attorney's fees in civil rights cases indicate that similar standards for determining attorney's fees should be employed. *See Torres v. Sachs,* 538 F.2d 10, 12 n.2 (2d Cir. 1976).

ly harm future plaintiffs represented by public interest counsel in their attempts to induce settlement. Why should an employer settle when it can go to court and risk so little as long as a salaried public interest lawyer is representing plaintiff? In addition, compensating an organization according to its employee's salary does not take into consideration: (1) the criterion established in *Johnson, supra,* (2) the employer's overhead costs; and (3) salaries for other support personnel. These costs are included in a privately-retained attorneys' fees. A rate of $10.00 an hour simply does not compensate the ACLU for its services. Therefore, this court cannot in fairness and in light of the purposes of Title VII follow the *Alsager* calculus.

In addition, this problem of attorney's fees for public interest law groups is analogous to the collateral source rule of tort law. That rule denies the wrongdoer the benefit of the propitious happenstance that a plaintiff will be compensated from independent sources. Here there is no conceivable reason to allow a wrongdoer to gain a windfall solely because he is brought to bar by an attorney whose salary is paid by a public interest law organization.

This was a difficult case tried in administrative, state and federal forums. The proceeding for which plaintiff seeks counsel fees is the mere tip of long-term litigation in which present counsel represented her. Counsel showed perseverance and skill in asserting his client's Title VII rights particularly in light of Supreme Court precedent which could have seemed adverse to plaintiff's position. The right vindicated is important to all women who seek equal employment opportunities in Iowa's institutions.

There is no absolute gauge of what constitutes a reasonable and fair attorney's fees. In federal court attorneys appointed to criminal cases are paid $20.00 an hour for out-of-court time and $30.00 an hour for in-court time. In civil rights cases recently tried before this court, parties have stipulated that a reasonable fee lies between $40.00 and $50.00 an hour. The court recently has awarded an attorney providing services pro bono publico $35.00 an hour for vindicating important constitutional rights. In this case the court believes that an award of $35.00 an hour will fully take into consideration the standards established in *Johnson, supra*; will fairly compensate the ACLU for the totality of its services; and will foster the purposes of Title VII. *See, Torres v. Sachs,* 538 F.2d 10, 12–13 (2d Cir. 1976); *Tillman v. Wheaton-Haven Recreation Ass'n Inc.,* 517 F.2d 1141, 1148 (4th Cir. 1975); *Miller v. Amusement Enterprises, Inc.,* 426 F.2d 534, 538–539 n.14 (5th Cir. 1970).

It is therefore

ORDERED

1. Plaintiff shall take from defendant $536.00 in back pay.

2. Plaintiff shall have all benefits commensurate with her having attained COII status on April 1, 1975.

3. Defendants shall pay reasonable attorney's fees of $651.00.