THE LABEL PRINTERS, Plaintiff-Appellant, v. JOHN C. PFLUG, Defendant-Appellee.

Second District   No. 2—92—0957

Opinion filed July 9, 1993.

David J. Chroust and Susan B. Tatnall, both of Drendel, Schanlaber, Horwitz & Tatnall, of Aurora, for appellant.

James F. Mahoney, of Griffith & Jacobson, of Chicago, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, The Label Printers, a partnership, appeals the order of the circuit court granting attorney fees to defendant, John C. Pflug, as damages for a preliminary injunction which was reversed on appeal. The issue on appeal is whether a defendant who is not obliged to pay attorney fees may seek compensation for the fees as damages pursuant to section 11—110 of the Code of Civil Procedure (735 ILCS 5/11—110 (West 1992)).

The facts underlying this appeal were supplied in our previous opinion regarding this cause. (*The Label Printers v. Pflug* (1991), 206 Ill. App. 3d 483.) Plaintiff sought a preliminary injunction to enforce a restrictive covenant in its contract with defendant. Defendant was a former employee who started working with National Data Label (NDL) in competition with plaintiff. In a lengthy opinion, this court determined that during defendant's employment with plaintiff he did not acquire any confidential information which would give plaintiff a protectable interest and thus the issuance of the preliminary injunction was against the manifest weight of the

evidence. We reversed the order granting the preliminary injunction. 206 Ill. App. 3d at 497.

Defendant then filed a petition before the circuit court to seek $15,771.21 in attorney fees for procuring the reversal of the order.

During the hearing on defendant's petition for fees, defense counsel introduced a seven-page daily breakdown of his fees. He had an attorney familiar with appellate law testify that the fees were reasonable. However, the attorney witness testified that a 60- to 90-minute period was a reasonable time for completing a Supreme Court Rule 303(g) (134 Ill. 2d R. 303(g)) docketing form; defense counsel billed three hours over two days for filling out the form. The attorney witness also admitted that he could not tell whether some particular entries were reasonable because defense counsel frequently lumped several tasks into five- or six-hour totals.

Defense counsel's records show that he billed the matter to "NDL/Pflug." Defense counsel admitted that he billed the matter to NDL and that NDL had paid the bill in full. NDL was paying for defense counsel's expert witness. Defendant produced no evidence of a subrogation agreement, and NDL did not appear as a party to the action.

The trial court granted defendant's petition for fees. The trial court then granted plaintiff's motion to dismiss the remaining action in which it sought a permanent injunction. Plaintiff filed a timely notice of appeal.

Plaintiff raises the following issues: (1) whether defendant failed to establish a *prima facie* case that he suffered damages as a result of the preliminary injunction; (2) whether the court could grant damages which were suffered by a person who was not a party to the action; (3) whether defendant proved the fees were reasonable when the items performed were lumped together in the billing statement; and (4) whether defendant proved his fees were reasonable and necessary.

Article XI of the Code of Civil Procedure permits the circuit court to enter a preliminary injunction prior to the entry of a final judgment of a permanent injunction. (735 ILCS 5/11—101 *et seq.* (West 1992).) However, section 11—110 provides:

> "In all cases where a temporary restraining order or a preliminary injunction is dissolved by the circuit court or by the reviewing court, the circuit court, after the dissolution of the temporary restraining order or preliminary injunction, and before finally disposing of the action shall, upon the party claiming damages by reason of such temporary restraining

order or preliminary injunction, filing a petition under oath setting forth the nature and amount of damages suffered, determine and enter judgment in favor of the party who was injured by such temporary restraining order or preliminary injunction for the damages which the party suffered as a result thereof, which judgment may be enforced as other judgments for the payment of money. However, a failure so to assess damages as hereinabove set out shall not operate as a bar to an action upon the injunction bond." 735 ILCS 5/ 11—110 (West 1992).

Plaintiff contends that because defendant neither paid nor is liable for attorney fees, he has suffered no damages and thus cannot collect fees pursuant to section 11—110.

■■ Ordinarily, each party to a litigation is responsible for his own attorney fees. However, a court may shift the fees if a statute authorizes the court to order the losing party to pay the prevailing party's fees. (*State Farm Fire & Casualty Co. v. Miller Electric Co.* (1992), 231 Ill. App. 3d 355, 359.) The statutory provision must be strictly construed. *Carson Pirie Scott & Co. v. Department of Employment Security* (1989), 131 Ill. 2d 23, 49.

■ Here, section 11—110 does not authorize the payment of fees. Rather, it allows the party aggrieved by the wrongful entry of a preliminary injunction to receive the damages he suffered as a result of the entry of the preliminary injunction. Several Illinois cases have affirmed the awarding of attorney fees as such damages, and plaintiff does not contest the general principle that the fees necessary to obtain a dissolution of a preliminary injunction may be included in the damages resulting from the issuance of the injunction. However, the provision in section 11—110 must be strictly construed. (*Stocker Hinge Manufacturing Co. v. Darnell Industries, Inc.* (1983), 94 Ill. 2d 535, 543; *Emerson Electric Co. v. Sherman* (1986), 150 Ill. App. 3d 832, 835.) Only those fees arising from actions seeking reversal or dissolution of the preliminary injunction are recoverable. If the preliminary injunction dissolves on its own terms or as a result of a final judgment, the defendant is not entitled to damages or fees. (*Stocker Hinge*, 94 Ill. 2d at 543; *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 50.) A temporary injunction may be wrongfully issued although the plaintiff prevails in his suit on the merits, and the temporary injunction may rightfully issue although the plaintiff does not sustain his suit on the merits. *Schien v. City of Virden* (1955), 5 Ill. 2d 494, 503.

The court must discriminate between those services rendered relative to the dissolution and those rendered in the cause generally. (*House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 52; *Kolin v. Leitch* (1953), 351 Ill. App. 66, 72.) The defendant may recover damages for attorney fees if he has paid the fee or has become liable to pay the fees. (*Lambert v. Alcorn* (1893), 144 Ill. 313, 329.) However, defendant has produced no authority to suggest that a defendant suffers damages when his fees are gratuitously paid by a third party.

■ An individual is not entitled to recover for the value of services that he has obtained without expense, obligation, or liability. (*Peterson v. Lou Bachrodt Chevrolet Co.* (1979), 76 Ill. 2d 353, 362.) Because defendant's representation was provided as a gratuity, he cannot recover the fees as damages. (76 Ill. 2d at 362.) Since the injunction statute provides only for the recovery of damages and does not provide for the shifting of fees, defendant cannot recover the fees.

Defendant argues that we should apply the collateral source rule. Under this rule, the amount recoverable for tortious personal injuries is not decreased when the injured party has been wholly or partly indemnified for the loss by proceeds from insurance where the tort-feasor did not pay the insurance premiums. This rule is justified on the basis that the wrongdoer should not benefit from the expenditures made by the injured party in procuring the coverage. *Peterson*, 76 Ill. 2d at 362-63.

Defendant notes that the rule has been applied in many situations where parties whose fees were paid by another party were awarded fees based on statutory provisions. (*Hernes v. Hickory Hills* (N.D. Ill. 1981), 517 F. Supp. 592, 593 (defendant defended by an insurance company; statute provided for shifting of fees); *Winslow v. Kansas Board of State Fair Managers* (D. Kan. 1981), 512 F. Supp. 576, 578 (fees shifted where plaintiff funded by a third party); see also *Ellis v. Cassidy* (9th Cir. 1980), 625 F.2d 227; *Gunther v. Iowa State Men's Reformatory* (N.D. Iowa 1979), 466 F. Supp. 367; *In re Briggs* (E.D. Mich. 1992), 143 Bankr. 438.) In these cases, the courts applied the collateral source rule to avoid letting the liable party escape liability for fees.

However, these cases are inapposite because they deal with statutes which authorize the shifting of fees to the prevailing party. Here, the statute authorizes the awarding of damages for a wrongfully entered injunction. The statute does not shift fees, and defendant has not incurred damages. Similarly, where a party has not in-

curred the obligation to pay attorney fees because he proceeded *pro se*, a court cannot award fees even where the statute authorizes the payment of fees. See *Hamer v. Lentz* (1989), 132 Ill. 2d 49, 58-59; *In re Marriage of Pitulla* (1990), 202 Ill. App. 3d 103, 117-18.

Moreover, this situation does not offer the rationale underlying the collateral source rule, which is to prevent the tort-feasor from benefitting from the expenditures made by the injured party. (*Peterson*, 76 Ill. 2d at 362-63.) Here, there is no insurance involved but only a business decision by defendant's employer to retain and protect a productive salesman. While defendant suggests that plaintiff would get a windfall because he would not have to make a payment he ordinarily would pay, this argument misconstrues the purpose of damages. Section 11—110 allows the payment of damages only, and the purpose of compensatory damages is to compensate, not to punish, a defendant or to bestow a windfall (*Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308, 320-21; *Peterson*, 76 Ill. 2d at 363).

Nothing defendant states convinces us to further expand the exceptions to the American rule by which each party bears his own costs of litigation. There is no common-law principle allowing attorney fees as costs; in the absence of a legislative enactment, the American rule provides that the successful litigant is not entitled to recover fees and the ordinary expenses of litigation. (*House of Vision*, 42 Ill. 2d at 51-52; *State Farm Fire & Casualty Co. v. Miller Electric Co.* (1992), 231 Ill. App. 3d 355, 359; see also *Diamond v. General Telephone Co.* (1991), 211 Ill. App. 3d 37, 51-52.) Only those items designated by the statute may be allowed by the court. (*Miller Electric*, 231 Ill. App. 3d at 359.) While defendant asks for compensation for a "wrongfully" entered injunction, here, plaintiff was exercising its right to pursue redress in the courts. As noted by the parties in their discussion of the need for extensive research to prepare briefs concerning covenants not to compete, this area of the law is complicated and fact specific, and the results are generally unpredictable prior to trial. (See *L S B Z, Inc. v. Brokis* (1992), 237 Ill. App. 3d 415.) The facts in this cause are unlike those of *Boltz v. Estate of Bryant* (1988), 175 Ill. App. 3d 1056, 1066, and *Hawthorne Bank v. Village of Glen Ellyn* (1987), 154 Ill. App. 3d 661, 670-71, where injunctive relief was inappropriate. Moreover, here, the issue on which the preliminary injunction was reversed related to the ultimate issue underlying the cause, whether plaintiff had a protectable interest. (*Label Printers*, 206 Ill. App. 3d at 497.) Thus, we find no reason to deviate from the American rule and al-

low defendant to collect attorney fees as damages when he incurred no liability for the fees.

We need not address plaintiff's other arguments concerning the excessive fees billed for completing the docketing statement or the other items.

For the above reasons, the order of the circuit court is reversed.

Reversed.

WOODWARD and DOYLE, JJ., concur.