# Illinois Official Reports

## Appellate Court

<div style="border">

### *Uptown People's Law Center v. Department of Corrections*,
### 2014 IL App (1st) 130161

</div>

| | |
|---|---|
| Appellate Court Caption | UPTOWN PEOPLE'S LAW CENTER, Plaintiff-Appellant, v. THE DEPARTMENT OF CORRECTIONS, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-13-0161 |
| Filed | February 27, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although court-ordered relief is not a prerequisite to an award of attorney fees under the Freedom of Information Act, the denial of such fees was upheld where a not-for-profit organization representing prisoners regarding conditions of confinement brought an action against the Department of Corrections under the Freedom of Information Act seeking certain documents, since the Department turned over those records before any relief was ordered by the court, the case was dismissed as moot, and plaintiff was represented by salaried employees and was not required to pay additional funds to pursue its action under the Act. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-00164; the Hon. Lee Preston, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal     Alan Mills and Nicole Schult, both of Uptown People's Law Center, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Timothy K. McPike, Assistant Attorney General, of counsel), for appellee.

Panel     JUSTICE LAVIN delivered the judgment of the court, with opinion.

Presiding Justice Howse and Justice Fitzgerald Smith concurred in the judgment and opinion.

## OPINION

¶ 1     This appeal arises from a dispute between plaintiff Uptown People's Law Center (Uptown) and defendant Illinois Department of Corrections (the IDOC). After Uptown commenced this action alleging that the IDOC had failed to turn over public records in violation of the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2010)), the IDOC provided the requested records. The trial court subsequently dismissed the action as moot and denied Uptown's motion for attorney fees under FOIA. Specifically, the court found that absent a court order in Uptown's favor, it was not a "prevailing party" entitled to fees under FOIA, relying on the Second District's decision in *Rock River Times v. Rockford Public School District 205*, 2012 IL App (2d) 110879. On appeal, Uptown asserts that *Rock River Times* was wrongly decided. The IDOC now agrees that a court order is not a prerequisite for a plaintiff to prevail under FOIA's attorney fee provision but nonetheless asserts that Uptown is not entitled to attorney fees because Uptown effectively proceeded *pro se* and because an issue of fact exists as to whether Uptown properly made a FOIA request before filing its complaint. We will address each contention in turn.

¶ 2     I. BACKGROUND

¶ 3     On January 4, 2012, Uptown, a not-for-profit organization that represents prisoners regarding conditions of confinement, filed a complaint against the IDOC, seeking (1) a declaratory judgment that the IDOC's refusal to provide Uptown with requested public records violated FOIA; (2) an order requiring the IDOC to produce such documents; and (3) an award of attorney fees. Uptown alleged that on three dates in November 2011, it requested that IDOC provide records relating to prison conditions, facility maintenance and sanitation reports but that the IDOC had not responded. Attached to the complaint were copies of Uptown's requests. IDOC denied receiving Uptown's requests.

¶ 4    On September 12, 2012, plaintiff filed a petition for attorney fees pursuant to section 11(i) of FOIA, which provides a plaintiff with an award of attorney fees where the plaintiff "prevails" in a FOIA proceeding. 5 ILCS 140/11(i) (West 2010). Approximately two months later, the IDOC tendered all requested documents. Shortly thereafter, Uptown filed an amended fee petition arguing that an order compelling disclosure was not required in order to "prevail" in a manner consistent with the meaning of the FOIA language. In response to the fee petition, the IDOC argued that the complaint was moot because the IDOC had provided all requested records and that Uptown had not prevailed. Specifically, the IDOC argued that Uptown had not prevailed because all requested documents were tendered before litigation concluded, relying on *Rock River Times*, and Uptown represented itself *pro se*. Moreover, the IDOC maintained that it had never received Uptown's requests. In reply, Uptown argued that *Rock River Times* was wrongly decided and disputed that it was a *pro se* litigant. Uptown argued that it was a not-for-profit corporation in the legal services profession and was essentially represented by in-house counsel, Alan Mills and Nicole Schult. Moreover, attached was the affidavit of Uptown's paralegal, who alleged that he had mailed Uptown's FOIA requests.

¶ 5    On December 7, 2012, the trial court dismissed the case as moot and denied Uptown's amended petition for attorney fees because the IDOC tendered the documents of its own accord without an order by the court, relying on *Rock River Times*.

¶ 6                                    II. ANALYSIS
¶ 7                    A. FOIA Plaintiffs Can Prevail Absent a Court Order
¶ 8    On appeal, Uptown asserts that a party can prevail under FOIA absent a court order and that *Rock River Times* was wrongly decided. Changing its position in the trial court, the IDOC now agrees. Although the appellate court will not be bound by the parties' concession (*Metropolitan Property & Casualty Insurance Co. v. Stranczek*, 2012 IL App (1st) 103760, ¶ 20), we also agree that *Rock River Times* was wrongly decided. Whether a court order is a prerequisite to an award of attorney fees under FOIA presents a question of statutory construction, which we will commence to review *de novo*. *In re Marriage of Murphy*, 203 Ill. 2d 212, 219 (2003) (citing *Hamer v. Lentz*, 132 Ill. 2d 49, 57-63 (1989)).

¶ 9    The lodestar of statutory construction is the legislature's intent. *Id*. The best indication of such intent is the statute's language, which must be given its plain and ordinary meaning. *Sangamon County Sherriff's Department v. Illinois Human Rights Comm'n*, 233 Ill. 2d 125, 136 (2009). Where a statute's language is clear and unambiguous, it is unnecessary to resort to other rules of interpretation. *Id*. If a statute is ambiguous, however, we may consider extrinsic aids of construction to determine the legislature's intent. *Young America's Foundation v. Doris A. Pistole Revocable Living Trust*, 2013 IL App (2d) 121122, ¶ 25. A statute is ambiguous when reasonably well-informed persons could interpret the statute in different ways. *Sangamon County Sherriff's Department*, 233 Ill. 2d at 136.

¶ 10   The Illinois FOIA was originally patterned after the federal FOIA (5 U.S.C. § 552 (2000)). *Dumke v. City of Chicago*, 2013 IL App (1st) 121668, ¶ 14. Section 1 of the Illinois FOIA states that "all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials

and public employees consistent with the terms of this Act." 5 ILCS 140/1 (West 2010). Thus, FOIA's purpose is to assist in the exposure of governmental records to public scrutiny. *State Journal-Register v. University of Illinois Springfield*, 2013 IL App (4th) 120881, ¶ 21. In addition, FOIA must be construed to require disclosure of requested information as expediently and efficiently as possible. 5 ILCS 140/1 (West 2010). In furtherance of that objective, a public entity generally has five business days to respond to a request for information (5 ILCS 140/3(d) (West 2010)), and any person denied access to public record may file suit for relief (5 ILCS 140/11 (West 2010)). Moreover, the purpose of FOIA is to encourage requestors to seek judicial relief where a government agency wrongfully withholds records. *Callinan v. Prisoner Review Board*, 371 Ill. App. 3d 272, 276 (2007). Although the general rule in the United States is that parties pay their own fees (*In re Marriage of Murphy*, 203 Ill. 2d at 222), FOIA provides otherwise. It is within this framework that we consider this statute.

¶ 11        Effective January 1, 2010, section 11(i) was amended to state as follows:

> "If a person seeking the right to inspect or receive a copy of a public record *prevails* in a proceeding under this Section, the court *shall* award such person reasonable attorneys' fees and costs. In determining what amount of attorney's fees is reasonable, the court shall consider the degree to which the relief obtained relates to the relief sought." (Emphases added.) Pub. Act 96-542 (eff. Jan. 1, 2010) (amending 5 ILCS 140/11(i) (West 2008)).

¶ 12        Contrary to our learned colleagues in the Second District of this court, we find the term "prevails" to be ambiguous in this context, as reasonable people could understand such language in multiple ways. But see *Rock River Times*, 2012 IL App (2d) 110879, ¶ 41 (finding the statute to be unambiguous). The plain language of "prevails," which is not defined elsewhere in FOIA, could be read to encompass a requirement that the court actually enter an order in the plaintiff's favor. Such language could also reasonably be read, however, to encompass situations where the plaintiff obtains the relief sought by commencing a proceeding that leads the government to produce records, with or without a court order. Either interpretation would arguably further FOIA's goals, albeit in varying degrees, of expeditiously disclosing information to the public and encouraging the public to seek judicial relief. Accordingly, we consider the history of FOIA's attorney fee provision to resolve this ambiguity.

¶ 13        Prior to 2010, section 11(i) permitted, rather than required, the court to award a plaintiff attorney fees where it *substantially* prevailed, rather than merely prevailed. Section 11(i) stated as follows:

> "If a person seeking the right to inspect or receive a copy of a public record *substantially prevails* in a proceeding under this Section, the court *may* award such person reasonable attorneys' fees and costs. If, however, the court finds that the fundamental purpose of the request was to further the commercial interests of the requestor, the court may award reasonable attorneys' fees and costs if the court finds that the record or records in question were of clearly significant interest to the general public and that the public body lacked any reasonable basis in law for withholding the record." (Emphases added). 5 ILCS 140/11 (West 2008).

In addition, several Illinois cases interpreted section 11(i) prior to the 2010 amendment.

- 4 -

¶ 14    In *People ex rel. Ulrich v. Stukel*, 294 Ill. App. 3d 193, 201-02 (1997), the reviewing court observed that FOIA's federal counterpart also required the plaintiff to have "substantially prevailed" in order to be awarded attorney fees. The court found that the attorney fee provision required that (1) filing the action could reasonably be regarded as a necessary step to obtain the information sought; (2) filing the action was a substantial cause of the government's delivery of the information; and (3) the government had no reasonable basis in law to withhold the requested records. *Id*. at 202. That said, the reviewing court agreed with the logic of federal courts holding that court-ordered relief was not required; rather, a plaintiff substantially prevails where the government agency voluntarily produces the requested records only after the plaintiff has filed an action. *Id*. at 202-03. Specifically, the reviewing court agreed with the reasoning that requiring a court order as a prerequisite to attorney fees would encourage the government agencies to forgo consideration of FOIA requests until after the requestor had filed a complaint and that, conversely, compensating plaintiffs for baseless denials of information would further FOIA's purpose of encouraging requestors to seek judicial relief where the government has wrongfully withheld information. *Id*. at 203.

¶ 15    In *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 780-81 (1999), the City of Chicago complied with the plaintiff's request for documents only after the plaintiff had filed suit. The appellate court found that although the plaintiff's claim for production of records and information became moot when such items were produced, the ancillary issue of the plaintiff's motion for attorney fees was not. *Id*. at 782 (citing *GMRI, Inc. v. Equal Employment Opportunity Comm'n*, 149 F.3d 449, 451 (6th Cir. 1998)). In addition, the court found that the fee provision was neither a windfall for successful plaintiffs nor punishment against the government but, rather, was intended "to prevent the sometimes insurmountable barriers presented by attorney fees from hindering an individual's request for information and from enabling the government to escape compliance with the law." *Duncan Publishing, Inc.*, 304 Ill. App. 3d at 786; see also *Callinan*, 371 Ill. App. 3d at 276 (same). Moreover, the court found that a court order compelling the government to disclose information was not a prerequisite to either showing that the plaintiff had "substantially prevailed" or granting an award of attorney fees. *Duncan Publishing, Inc.*, 304 Ill. App. 3d at 786. On the contrary, "the inquiry is whether the filing of suit was reasonably necessary to obtain the information and a causal nexus exists between the action and the agency's surrender of the information." *Id*.; see also *Callinan*, 371 Ill. App. 3d at 277 n.1 (under the prior version of the statute, the appellate court observed that special circumstances justify the denial of attorney fees where the plaintiff was not instrumental in achieving the remedy). The court further stated that "[a] plaintiff will not be eligible for an award of fees if the production of records was independent of the lawsuit or if it was due to routine administrative processing." *Duncan Publishing, Inc.*, 304 Ill. App. 3d at 786. Thus, before the 2010 amendment, it was well settled that court-ordered relief was not a prerequisite to an award of attorney fees under FOIA.

¶ 16    After the decisions in *Stukel* and *Duncan* were rendered, the United States Supreme Court considered the meaning of similar language, "prevailing party," as used in an unrelated statute. *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). In a 5 to 4 decision, the Court found that "prevailing party," as used in the Fair Housing Amendments Act of 1988 (42 U.S.C. § 3601 *et seq*. (2000)) and the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq*. (2000)), did not include a

party who achieved a desired result through the opposing party's voluntary change in position. *Buckhannon Board & Care Home, Inc.*, 532 U.S. at 605. In contrast to Illinois jurisprudence, the Court rejected the federal catalyst theory, finding that status as a "prevailing party" required a judicially sanctioned change in the parties' relationship, *i.e.*, a judgment issued by the court or a court-ordered consent decree providing the plaintiff the desired outcome. *Id.* at 604-06. Furthermore, the Court was skeptical that applying a catalyst theory was necessary to prevent defendants from mooting an action before the trial court entered judgment in order to avoid an award of attorney fees and, instead, found that applying a catalyst theory would make a defendant less likely to voluntarily change potentially rightful conduct knowing that an award of attorney fees could be imposed. *Id.* at 608. Thus, the *Buckhannon* decision was based on a balancing of policies different from that in Illinois jurisprudence. See *People v. Gutman*, 2011 IL 110338, ¶ 17 (a federal court's interpretation of a federal statute is not binding on Illinois courts interpreting a similar Illinois statute); see also *City of Elgin v. All Nations Worship Center*, 373 Ill. App. 3d 167, 168, 170-71 (2007) (acknowledging that *Buckhannon*'s interpretation of federal statutes was not binding in interpreting the Illinois Religious Freedom Restoration Act (775 ILCS 35/20 (West 2004))); *Mason v. City of Hoboken*, 957 A.2d 1017, 1029-30 (N.J. 2008) (observing that *Buckhannon* did not control state law); *Hyundai Motor America v. Alley*, 960 A.2d 1257, 1261-62 (Md. Ct. Spec. App. 2008) (same); *Graham v. DaimlerChrysler Corp.*, 101 P.3d 140,149 (Cal. 2005) (same); *cf. Kirkpatrick v. Strosberg*, 385 Ill. App. 3d 119, 138 (2008) (applying *Buckhannon* to the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq*. (West 1996))).

¶ 17    Following the *Buckhannon* decision, Congress amended the federal FOIA to ensure that *Buckhannon*'s holding would not be applied to that act. *Rock River Times*, 2012 IL App (2d) 110879, ¶ 33; see also *Cornucopia Institute v. United States Department of Agriculture*, 560 F.3d 673, 677 (7th Cir. 2009) (observing that the Open Government Act of 2007 (Pub. L. No. 110-175, 121 Stat. 2524 (2007)) eliminated, for purposes of the federal FOIA, *Buckhannon*'s requirement that a plaintiff receive judicial relief in order to substantially prevail). Specifically, "[t]he federal FOIA was amended to state that 'a complainant has *substantially prevailed* if the complainant has obtained relief through either–(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary unilateral change in position by the agency.' " (Emphasis in original.) *Rock River Times*, 2012 IL App (2d) 110879, ¶ 33 (quoting 5 U.S.C. § 552(a)(4)(E)(ii)(I), (II) (Supp. I 2007)).

¶ 18    The Illinois legislature then amended its own FOIA attorney provision in a somewhat different manner, to become the aforementioned statute at issue. See *Shehadeh v. Madigan*, 2013 IL App (4th) 120742, ¶ 29 (observing that the Illinois FOIA is different from the federal version and is subject to a different interpretation). Specifically, the legislature modified section 11(i) to provide attorney fees where a plaintiff "prevails," rather than "substantially prevails" in a proceeding. 5 ILCS 140/11(i) (West 2010). The legislature also removed the trial court's discretion as to whether fees should be imposed in that event, modifying "may" to "shall." 5 ILCS 140/11(i) (West 2010). Although the Illinois legislature did not respond to *Buckhannon* in the way that Congress did, the legislative history behind the January 2010 amendment in no way reflects an intention to apply *Buckhannon* to the Illinois FOIA or to narrow the availability of attorney fees. In contrast, the legislative history reflects an intention to be more favorable to individuals who make meritorious FOIA requests. See 96th Ill. Gen.

Assem., House Proceedings, May 27, 2009, at 92 (statements of Representative Madigan) ("With Senate Bill 189, we amend the Freedom of Information Act to facilitate access to information at all levels of government."); 96th Ill. Gen. Assem., House Proceedings, May 27, 2009, at 93 (statements of Representative Madigan) ("There will be mandatory attorney fees to FOIA requesters who prevail in court. The current law is only permissive."); 96th Ill. Gen. Assem., Senate Proceedings, May 28, 2009, at 41 (statements of Senator Raoul) ("[Senate Bill 189] puts forth significant consequences for failing to respond to FOIA requests."); 96th Ill. Gen. Assem., Senate Proceedings, May 28, 2009, at 42 (statements of Senator Harmon) ("[T]here have been many court decisions that have defined the scope of FOIA, and we do not intend to overturn or otherwise interfere with these decisions, as I understand it.").

¶ 19    Finally, we consider *Rock River Times*, the only appellate court decision to directly consider whether a plaintiff "prevails," following the 2010 amendment, when the defendant voluntarily relinquishes records after the plaintiff has filed suit but before the court has ordered any relief. *Rock River Times*, 2012 IL App (2d) 110879, ¶ 34; see also *Roxana Community Unit School District No. 1 v. Environmental Protection Agency*, 2013 IL App (4th) 120825, ¶¶ 40-42 (considering *Duncan* but not *Buckhannon*). Relying on the presumption that amendments are intended to change the law, the *Rock River Times* court found prior case law applying a catalyst theory to the attorney fee provision carried little weight. *Rock River Times*, 2012 IL App (2d) 110879, ¶ 39. The reviewing court also concluded that the Illinois legislature had intended a different result than Congress because the 2010 amendment did not mirror the post-*Buckhannon* amendment to the federal FOIA, which specified that a party "substantially prevailed" when the withholding agency voluntarily changes its position. *Id*. In addition, the *Rock River Times* court found that by deleting the word "substantially," the Illinois legislature intended that a party not be entitled to attorney fees absent court-ordered relief. *Id*. ¶ 40. We further note that having found the amended statute to be unambiguous, the reviewing court did not consider the legislative history behind the amendment. *Id*. ¶ 41. Accordingly, the reviewing court determined that even though the defendant produced the sought document only after the plaintiff filed its complaint, the plaintiff had not prevailed. *Id*. ¶ 10.

¶ 20    We find that *Rock River Times* was wrongly decided. While we agree with the Second District that "substantially prevails" was modified to "prevails" to deliberately effectuate a change, we find the modification was intended to ensure that successful plaintiffs could obtain attorney fees regardless of the extent to which they had prevailed, no matter how slight. Thus, if a plaintiff files a FOIA action with respect to five documents and is successful with respect to only one, the plaintiff is entitled to the attorney fees incurred with respect to that document, despite having failed with respect to the remaining four. We find the removal of the word "substantially" was intended to increase the instances in which a plaintiff obtains attorney fees after receiving a requested document, not to decrease those instances. In addition, having incorporated the broader term "prevail," the Illinois legislature would have no reason to adopt the definition of the federal FOIA's more narrow language, "substantially prevailed." *Cf. State Journal-Register v. University of Illinois Springfield*, 2013 IL App (4th) 120881, ¶ 21 (Illinois courts consult cases citing the federal FOIA when novel issues arise under the Illinois FOIA because the two statutes are similar). Moreover, we find that if the legislature had intended to change existing Illinois case law to make court-ordered relief a prerequisite to an award of attorney fees under FOIA, it would have done so through clear language, as it has done in other

- 7 -

instances. *Cf. Larson v. Wexford Health Sources, Inc.*, 2012 IL App (1st) 112065, ¶¶ 16-28 (finding that in contrast to FOIA, the Illinois Code of Civil Procedure's language providing for an award of fees " 'in connection with any *court ordered enforcement*' " (emphasis added) (quoting 735 ILCS 5/8-2001(g) (West 2010)) unambiguously required a court order). Any presumption that the legislature intended to follow *Buckhannon*'s definition of "prevail" is rebutted under these circumstances. *Cf. Laborer's International Union of North America, Local 1280 v. Illinois State Labor Relations Board*, 154 Ill. App. 3d 1045, 1050 (1987) (when the Illinois legislature enacts a statute based upon a federal statute, the Illinois statute can presumably be interpreted in conformance with federal court decisions "rendered prior to the adoption of the statute").

¶ 21    Having considered the circumstances surrounding the amendment (*Metropolitan Life Insurance Co. v. Hamer*, 2013 IL 114234, ¶ 25) we find no indication that the legislature intended to abandon Illinois' policy of awarding fees under FOIA despite the absence of a court order, in favor of *Buckhannon*'s proscription.

¶ 22                        B. Plaintiff's Alleged *Pro Se* Status

¶ 23    The IDOC further contends that Uptown was not entitled to fees as a legal entity representing itself *pro se*, relying primarily on *Hamer v. Lentz*, 132 Ill. 2d 49, 51 (1989). In *Hamer*, our supreme court held that "an attorney proceeding *pro se* in an action brought under the Illinois FOIA is not entitled to an award of fees under that statute." *Id*. at 63. The court observed that the purpose of the attorney provision was to encourage citizens to make sure that FOIA can be enforced, not to reward successful plaintiffs or punish the government. *Id*. at 57-58, 61-62. The court also observed that by removing the burden of legal fees, which may deter litigants from pursuing meritorious FOIA actions, section 11 accomplishes that purpose. *Id*. at 62. In addition, the court found that because a lawyer representing himself does not incur legal fees, such fees did not present a barrier to a *pro se* attorney seeking information. *Id*. at 61-62. Moreover, the court found that the fee provision's goal of encouraging individuals to seek legal advice before filing a potentially unnecessary lawsuit would not be furthered by a *pro se* attorney's lack of objectivity and that denying attorney fees to lawyers representing themselves would deter abusive fee generation. *Id*. at 62-63.

¶ 24    Following *Hamer*, these principles have been repeatedly applied in the appellate court. See *Rockford Police Benevolent & Protective Ass'n v. Morrissey*, 398 Ill. App. 3d 145, 155 (2010) (observing that under the prior version of section 11(i), the court may deny an award of attorney fees where the plaintiff proceeds *pro se*). In addition, appellate court opinions issued after *Hamer* have suggested that the policies discussed in that case go beyond statutory interpretation. See *Label Printers v. Pflug*, 246 Ill. App. 3d 435, 439-40 (1993) (where a party proceeds *pro se* and, thus, incurs no obligation to pay attorney fees, "a court cannot award fees even where the statute authorizes the payment of fees"). Similarly, appellate court cases have applied *Hamer* in contexts other than FOIA. *Kehoe v. Saltarelli*, 337 Ill. App. 3d 669, 677-78 (2003) (applying *Hamer* to attorney fees in a malpractice action); *In re Marriage of Pitulla*, 202 Ill. App. 3d 103, 117-18 (1990) (applying *Hamer* to attorney fees in the context of a dissolution of marriage action).

¶ 25    Here, Uptown, an artificial entity, was represented by attorneys Alan Mills and Nicole Schult. *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶ 17 ("a

corporation is an artificial entity that must always act through agents"). Accordingly, Uptown did not represent itself and was not *pro se*. With that said, the purpose of the attorney fee provision would not by furthered by awarding attorney fees in this instance. While Mills and Schult were salaried employees, Uptown was not required to spend additional funds specifically for the purpose of pursuing FOIA requests. See *In re Marriage of Tantiwongse*, 371 Ill. App. 3d 1161, 1164-65 (2007) (attorneys in a law firm representing themselves in a collection action against a client incurred no legal fees on their own behalf and thus, were not entitled to attorney fees for their collection action). Thus, legal fees were never a burden that Uptown was required to overcome in order to pursue its FOIA requests. In addition, Mills and Schult had no expectation of receiving additional fees from Uptown for performing this work. See *Label Printers*, 246 Ill. App. 3d at 439 ("Because defendant's representation was provided as a gratuity, he cannot recover the fees as damages."). As a result, providing Uptown with legal fees for pursuing FOIA requests would not compensate Uptown. On the contrary, an award of fees would reward Uptown. Moreover, it would encourage salaried employees working for a not-for-profit organization to engage in fee generation on the organization's behalf. Accordingly, we hold that the reasoning of *Hamer* prohibits a not-for-profit legal organization from being awarded legal fees that were not actually incurred in pursuing a FOIA request on the organization's behalf. Uptown is not entitled to fees under these circumstances.

¶ 26                                    III. CONCLUSION

¶ 27    In conclusion, we disagree with the Second District's decision finding court-ordered relief to be a prerequisite to attorney fees under FOIA but find that Uptown is not entitled to receive attorney fees that were never incurred. In light of our determination, we need not consider the IDOC's contention that a question of fact remained as to whether Uptown properly made a FOIA request before filing its complaint. Accordingly, we affirm the trial court's judgment.

¶ 28    Affirmed.