2023 IL App (3d) 220392

Opinion filed October 17, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| JOHN KIEKEN, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee and Cross-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-22-0392 |
| | ) | Circuit No. 21-CH-448 |
| | ) | |
| THE CITY OF JOLIET, | ) | |
| | ) | Honorable |
| Defendant-Appellant and Cross-Appellee. | ) | John Pavich, |
| | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court, with opinion.
Justices McDade and Brennan concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        Plaintiff, John Kieken, filed a complaint seeking to compel the City of Joliet (City) to produce documents requested under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2020)). The City tendered the requested documents within two weeks of the filing of plaintiff's complaint and before the first hearing on the matter. Thereafter, the circuit court denied plaintiff's request to compel the City's compliance with FOIA, finding his request moot. The court, nevertheless, found plaintiff had prevailed and awarded him statutory attorney fees. The City now appeals from the fee award, arguing plaintiff was not entitled to any attorney fees and,

alternatively, the fee award should be reduced. Plaintiff cross-appeals, arguing the fee award should be increased. For the reasons that follow, we affirm.

¶ 2                                        I. BACKGROUND

¶ 3          Plaintiff is one of the founders of Stop NorthPoint, LLC, an organization seeking to prevent the construction of an industrial business park in Will County (NorthPoint Development). The City scheduled a hearing on December 21, 2021, to vote on whether the construction of the NorthPoint Development would be allowed to proceed. On November 15, 2021, plaintiff submitted a FOIA request to the City for all traffic and environmental studies related to the NorthPoint Development. On November 19, 2021, the City denied the request, citing the deliberative-process exemption under FOIA (5 ILCS 140/7(1)(f) (West 2020)) and claiming no records existed concerning environmental studies.

¶ 4          On December 3, 2021, plaintiff filed a complaint seeking "an injunction and/or declaratory judgment requiring the City of Joliet to produce forthwith the requested documents." The complaint also sought reasonable attorney fees pursuant to section 11(i) of FOIA. 5 ILCS 140/11(i) (West 2020).

¶ 5          On December 7, 2021, plaintiff filed an emergency motion for a temporary restraining order (TRO) or preliminary injunction. His motion asked the court to compel the City to produce the documents sought in his FOIA request and to stay the December 21 city council hearing until traffic studies were provided and plaintiff had an opportunity to review them. The motion also sought reasonable attorney fees pursuant to section 11(i). The hearing on the motion was scheduled for December 15, 2021.

¶ 6          On December 9, 2021, the City sent plaintiff's counsel an April 2020 traffic impact study prepared by a private consulting firm on behalf of NorthPoint Development. On December 14,

2021, the City sent plaintiff's counsel a December 2021 traffic impact study prepared by the same private consulting firm on behalf of NorthPoint Development. Both studies were marked as drafts.

¶ 7        On December 16, 2021, the court denied as moot plaintiff's request for an order compelling the City to produce documents responsive to his FOIA request. The court also denied plaintiff's request to stay the December 21 city council hearing, finding FOIA did not sanction such a remedy.

¶ 8        On January 5, 2022, plaintiff moved for attorney fees and costs pursuant to section 11(i). In response, the City contested plaintiff's entitlement to attorney fees and costs, arguing he was not the "prevailing party" under section 11(i).

¶ 9        On April 28, 2022, the court ruled that plaintiff prevailed and instructed him to submit a fee petition.

¶ 10                              A. Plaintiff's Fee Petition

¶ 11        On May 25, 2022, plaintiff filed a petition for $62,396 in attorney fees and costs. Attached to the petition were affidavits and time records of plaintiff's attorneys in this case: Richard Linden, Robert Fioretti, and Peter Bustamante. Linden recorded spending 76.1 hours on the case at a proposed hourly rate of $650, for a total of $49,465. Fioretti recorded 16.4 hours at a proposed hourly rate of $675, for a total of $11,070. Bustamante recorded 2.3 hours at a proposed hourly rate of $650, for a total of $1495. At the time of the petition, Linden had been in practice for over 30 years, and Fioretti and Bustamente for over 40 years. Plaintiff attached a representation agreement in which he agreed to pay Linden, Fioretti, and Bustamente $675 per hour for their work on this case. Plaintiff also attached copies of affidavits by two attorneys, Mitchell Katten and Elizabeth Hubbard, attesting to the reasonableness of Linden's and Bustamante's $650 hourly rate. The original affidavits had been filed on behalf of John Nawara, the plaintiff in Nawara v. County of Cook, No. 17-C-2393 (N.D. Ill.), a federal court case involving the Americans with Disabilities

Act of 1990 (ADA) (42 U.S.C. § 12101 *et seq.* (2018)). Also attached to the petition was a copy of a representation agreement in which Nawara agreed to pay Linden and Bustamente $650 per hour.

¶ 12    In addition, plaintiff attached the Laffey Matrix, an attorney fee matrix used to evaluate "requests for attorney fees in civil cases in District of Columbia courts." The Laffey Matrix showed a gradation of hourly rates for attorneys of varying experience levels. According to the matrix, attorneys with more than 31 years of experience were entitled to $665 per hour in 2020-21. Plaintiff also attached an adjusted Laffey Matrix, which assigned a $919 hourly rate for attorneys out of law school for more than 20 years.

¶ 13    The City countered that (1) the attorneys' claimed billing entries were excessive and (2) the proposed hourly rates were unreasonable for a FOIA case and unreasonable for the Will County/Joliet market. The City submitted the affidavit of a Joliet-based attorney who practiced "commercial and contract litigation and municipal/school law." The affiant, who had been in practice for over 20 years and a law firm partner since 2003, attested to charging $300 per hour for private clients and between $145 and $210 per hour for public clients.

¶ 14                                    B. Fee Award

¶ 15    On September 14, 2022, the circuit court awarded plaintiff $20,742.50 in attorney fees. The court found the hourly rate requested by plaintiff's counsel "far greater than [the rate] customarily sought in the Will County/Joliet area." It observed that, in its own experience, "attorneys with credentials similar to those of Plaintiff's attorneys typically seek an hourly rate in the range of $300-$350." Accordingly, it approved an hourly rate of $375 for Fioretti and $350 for Linden and Bustamante. It awarded Linden $14,980, Fioretti $5325, and Bustamante $437.50. In so doing, the court granted "the full request for hours clearly spent on the FOIA request,"

4

"approximately one-half of the requested hours" for work performed on the TRO portion of the case, and one-half of the requested hours for work performed in connection with the fees.

¶ 16 In halving the number of hours in the TRO and fee-related portions of the case, the court explained that the TRO was unsuccessful, and it seemed unreasonable that more than half of the billing related to fees. This appeal and cross-appeal followed.

¶ 17 II. ANALYSIS

¶ 18 On appeal, the parties dispute the propriety and reasonableness of the court's fee award. The City argues plaintiff is not entitled to any attorney fees absent court-ordered relief. Alternatively, it argues the fee award should have been reduced further so as not to punish the City for plaintiff's choice of filing a FOIA lawsuit when a less time-consuming review process was available under section 9.5 of FOIA. 5 ILCS 140/9.5 (West 2020). In his cross-appeal, plaintiff argues the circuit court abused its discretion in reducing his attorneys' hourly rates and in reducing their hours for work performed in connection with the TRO request and fee litigation.

¶ 19 A. Plaintiff's Entitlement to Attorney Fees

¶ 20 The City asserts, preliminarily, that court-ordered relief is a prerequisite to a section 11(i) fee award. Relying on this theory, the City urges us to find plaintiff was not entitled to any attorney fees. The City characterizes this issue as one of statutory construction but fails to provide the pertinent statutory language or discuss the statutory construction principles supporting its theory. And although the City cites one published case in support of its position, it fails to discuss that case in any way. In fact, the City fails to submit any reason for its theory. It states, in conclusory fashion, "[The City] provided the requested documents without a court order. On December 16, 2021, the Trial Court denied [plaintiff's] request as moot, and he did not prevail." Illinois Supreme Court Rule 341 provides that the appellant's opening brief "shall contain the contentions of the

5

appellant *and the reasons therefor*." (Emphasis added.) Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). This court "is not a repository into which an appellant may foist the burden of argument and research." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). Accordingly, we find the City has forfeited this argument by failing to comply with Rule 341(h)(7).

¶ 21    Forfeiture notwithstanding, we acknowledge that the districts of this court are divided as to whether court-ordered relief is a prerequisite to a section 11(i) fee award. The current version of section 11(i) provides, in pertinent part,

> "If a person seeking the right to inspect or receive a copy of a public record prevails in a proceeding under this Section, the court shall award such person reasonable attorney's fees and costs. In determining what amount of attorney's fees is reasonable, the court shall consider the degree to which the relief obtained relates to the relief sought." 5 ILCS 140/11(i) (West 2020).

According to the Second District, this section requires "nothing less than court-ordered relief in order for a party to be entitled to attorney fees under the FOIA." *Rock River Times v. Rockford Public School District 205*, 2012 IL App (2d) 110879, ¶ 40. The Second District is alone in this regard. The First, Fourth, and Fifth Districts have all held that court-ordered relief is not a prerequisite to an attorney fee award under FOIA. *Uptown People's Law Center v. Department of Corrections*, 2014 IL App (1st) 130161, ¶ 27; *Martinez v. City of Springfield*, 2022 IL App (4th) 210290, ¶ 43; *Perdue v. Village of Tower Hill*, 2015 IL App (5th) 140357-U, ¶ 29. We agree with the First, Fourth, and Fifth Districts.

¶ 22    To prevail under section 11(i) of FOIA, plaintiff need not be the recipient of court-ordered relief. However, the following requirements must be met: (1) plaintiff filed a lawsuit against a public entity, (2) the entity produced the requested documents, (3) the lawsuit caused the

6

documents' production, and (4) the lawsuit was reasonably necessary to obtain those documents. *Edgar County Watchdogs v. Joliet Township*, 2023 IL App (3d) 210520, ¶ 24 (citing *Donley v. City of Springfield*, 2022 IL App (4th) 210378, ¶ 40). A decision concerning a party's entitlement to attorney fees under FOIA is reviewed for an abuse of discretion. *Joliet Township*, 2023 IL App (3d) 210520, ¶ 19.

¶ 23         The City contests the fourth requirement of the four-part test set forth in *Joliet Township*. It argues plaintiff cannot show his lawsuit was necessary because it did not yield court-ordered relief and because plaintiff always had the right to file a request for review with the Public Access Counselor (PAC) in the Office of the Attorney General (5 ILCS 140/9.5 (West 2020)). Neither basis affirmatively rebuts the reasonable necessity of plaintiff's lawsuit. First, the absence of court-ordered relief is not dispositive under the test adopted by this court in *Joliet Township*. As the majority of districts have held, court-ordered relief is not a prerequisite to an attorney fee award under the current version of section 11(i). *Supra* ¶ 21. Second, reasonable necessity is not vitiated by the presence of a statutory PAC review option; that would be contrary to section 11(i)'s purpose of encouraging " 'citizens to act rather like a private attorney general' " in enforcing FOIA. See *Hamer v. Lentz*, 132 Ill. 2d 49, 57-58 (1989) (quoting 83d Ill. Gen. Assem., House Proceedings, October 20, 1983, at 44 (statements of Representative Currie)). Indeed, nothing in section 11(i) forecloses attorney fees when the plaintiff chooses litigation over PAC review. The City seeks to add a limitation to section 11(i) where there is none. A court may not depart from the plain language and meaning of a clear statute "by reading into it exceptions, limitations, or conditions that the legislature did not express." *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 12. Accordingly, we decline to read into section 11(i) an exception that forecloses attorney fees when PAC review is available.

7

¶ 24        Here, the court concluded "under the guidance of the *Uptown* decision and [upon] application of the 'catalyst' theory" that plaintiff was the prevailing party. See *Uptown People's Law Center*, 2014 IL App (1st) 130161, ¶ 15 (" '[T]he inquiry is whether the filing of suit was reasonably necessary to obtain the information and a causal nexus exists between the action and the agency's surrender of the information.' " (quoting *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 786 (1999))). The catalyst theory is consistent with the third and fourth requirements adopted by this court in *Joliet Township*. The third requirement, that the lawsuit caused the documents' production, is a reasonable conclusion—and one the City does not contest. As for the fourth requirement, we have already established the City's failure to refute the reasonable necessity of plaintiff's FOIA lawsuit. See *supra* ¶ 23. We observe that the City tendered documents only after plaintiff filed his complaint and the auxiliary TRO motion. We further observe that the complaint and TRO motion did not amend or clarify plaintiff's FOIA request such that the City could then "make an informed decision as to whether to disclose the documents." *Donley*, 2022 IL App (4th) 210378, ¶ 51. In other words, the City had all the necessary information when plaintiff submitted his FOIA request; plaintiff's subsequent lawsuit provided no new insights. On this record, plaintiff's lawsuit was reasonably necessary to obtain the requested documents. The court did not abuse its discretion in finding plaintiff entitled to a fee award.

¶ 25                        B. Reasonable Attorney Fees

¶ 26        In his cross-appeal, plaintiff argues the circuit court erred in reducing his attorney fees and costs from the requested amount, $62,396, to $20,742.50. Specifically, plaintiff challenges what he calls an arbitrary reduction of his attorneys' hourly rates and of the hours logged in relation to

8

the TRO request and attorney fees. The City, on the other hand, argues that a reasonable number of hours should be only what would be necessary to file a request for PAC review.

¶ 27    The circuit court is "particularly well-qualified to make the partially subjective findings necessary for an award of fees." (Internal quotation marks omitted.) *Peraica v. Riverside-Brookfield High School District No. 208*, 2013 IL App (1st) 122351, ¶ 34. Accordingly, its "award of attorney fees under FOIA will not be disturbed absent an abuse of discretion." *Chicago Tribune Co. v. Cook County Assessor's Office*, 2018 IL App (1st) 170455, ¶ 46. "An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 28    In determining reasonable attorney fees, Illinois courts conduct a multifactor analysis. Relevant factors include "the skill and standing of the attorney, the nature of the case, the novelty and difficulty of the question at issue, the amount and importance of the subject matter, the degree of responsibility, the usual and customary charges and the benefits to the client." *Black v. Iovino*, 219 Ill. App. 3d 378, 396 (1991). Here, the court indicated it "considered all of the required factors to be taken into account." In reducing the attorneys' proposed hourly rates, the court agreed with the City's affiant that an appropriate hourly rate was around $300. It stated that, in its experience, "attorneys with credentials similar to those of Plaintiff's attorneys typically seek an hourly rate in the range of $300-$350." We have no reason to question the court's experience. "The trial court may and should rely on its own knowledge and experience when determining the reasonableness of the fees sought." *McHenry Savings Bank v. Autoworks of Wauconda, Inc.*, 399 Ill. App. 3d 104, 113 (2010).

¶ 29    Moreover, the court did not improperly disregard the District of Columbia Laffey Matrix or the affidavits submitted in Nawara v. County of Cook. "In a contingent, statutory fee-shifting case such as this, a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." (Internal quotation marks omitted.) *Demitro v. General Motors Acceptance Corp.*, 388 Ill. App. 3d 15, 23 (2009). This matter was not litigated in the District of Columbia, rendering the Laffey Matrix inapposite. And unlike Nawara v. County of Cook, this case did not involve an ADA matter and was not litigated in the federal court. Accordingly, we find the court did not abuse its discretion in reducing the proposed hourly rates.

¶ 30    We further find the court acted within its discretion in reducing the hours related to the emergency TRO motion. The court explained that it reduced the hours in relation to the TRO motion because the motion was denied and it was "therefore obviously unsuccessful."

¶ 31    Plaintiff argues the TRO motion was, in fact, successful because it resulted in the release of the draft traffic studies. Although the motion may have certainly expedited the traffic studies' release, that is not to say the motion was necessary for their ultimate release. Furthermore, the TRO motion went beyond the bounds of FOIA when it sought to stay the city council hearing until the requested documents' release. In view of the foregoing, the court did not unreasonably reduce the attorneys' hours in connection with the TRO motion.

¶ 32    Unsatisfied with the court's decision to reduce hours, the City urges us to eliminate all fees requested in connection with the TRO motion. This we will not do. The City released the first traffic study only two days after plaintiff filed his TRO motion, which directly challenged the City's denial of plaintiff's FOIA request. The TRO motion was thus reasonably related to the case's ultimate outcome. We will not disturb the fee award as it relates to the TRO motion.

10

¶ 33 The City further requests we consider "when determining reasonable fees" that plaintiff chose the more complicated and time-consuming route of litigation. Plaintiff's fees, the City contends, should be no more than what would have been necessary to apply for PAC review. This is a curious contention, and one the City fails to support with statutory or common law authority. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (requiring appellant to support contentions with reasoning and authority citations). Moreover, in requesting that we determine reasonable fees, the City appears to get ahead of itself. The City has not demonstrated that the court abused its discretion in setting attorney fees. Absent an abuse of discretion, we will not substitute our judgment for that of the circuit court. *Hanna v. Kelly*, 91 Ill. App. 3d 896, 898 (1980).

¶ 34 Finally, plaintiff argues the court abused its discretion in reducing the hours related to fee litigation. We disagree. The court noted it seemed unreasonable that the fee litigation accounted for more than half of the billing. The circuit court is not bound by the petitioning attorney's opinion as to what constitutes a reasonable fee and may use its own knowledge and experience to make that determination. *Black*, 219 Ill. App. 3d at 396. On the record before this court, we cannot say that the court's decision to halve the hours related to fees was arbitrary, fanciful, or unreasonable. *Collins*, 2015 IL 118432, ¶ 41.

¶ 35                                        III. CONCLUSION

¶ 36 For the foregoing reasons, the court's fee award did not constitute an abuse of discretion. The judgment of the circuit court of Will County is affirmed.

¶ 37 Affirmed.

11

*Kieken v. City of Joliet*, 2023 IL App (3d) 220392

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 21-CH-448; the Hon. John Pavich, Judge, presiding. |
| **Attorneys for Appellant:** | Todd C. Lenzie, of City of Joliet, of Joliet, for appellant. |
| **Attorneys for Appellee:** | Robert Fioretti, of Fioretti Campbell LLC, Peter Vincent Bustamante, and Richard F. Linden, all of Chicago, for appellee. |