2022 IL App (4th) 210378
NO. 4-21-0378

FILED
December 6, 2022
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| ROBERT DONLEY, | ) Appeal from the |
|     Plaintiff-Appellee and Cross-Appellant, | ) Circuit Court of |
|     v. | ) Sangamon County |
| THE CITY OF SPRINGFIELD and | ) No. 20CH140 |
| SPRINGFIELD POLICE DEPARTMENT, | ) |
|     Defendants-Appellants and Cross- | ) Honorable |
|     Appellees. | ) Raylene Grischow |
| | ) Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Harris and Bridges[1] concurred in the judgment and opinion.

**OPINION**

¶ 1      In August 2020, plaintiff, Robert Donley, an inmate in the custody of the Department of Corrections (DOC), filed a complaint for declaratory judgment and injunctive relief against defendants, the City of Springfield and the Springfield Police Department (hereinafter referred to collectively as "Springfield"), pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2018)). The complaint also sought civil penalties, attorney fees, and costs. While Donley's complaint was pending, Springfield voluntarily provided Donley with some of the records he sought.

¶ 2      In February 2021, Springfield filed a motion for summary judgment. In April 2021,

---

[1] Justice George Bridges participated in this appeal but has since retired. Our supreme court has held that the departure of a judge prior to the filing date will not affect the validity of a decision so long as the remaining two judges concur. *Proctor v. Upjohn Co.*, 175 Ill. 2d 394, 396 (1997).

the trial court granted summary judgment in favor of Springfield on all issues except for attorney fees, which the court reserved for additional briefing. In June 2021, the court awarded Donley attorney fees and costs, finding that he was the prevailing party.

¶ 3        Springfield appeals, arguing, among other things, that the trial court erred by awarding Donley attorney fees. Donley cross-appeals, arguing, among other things, that the court (1) did not err by awarding attorney fees but (2) erred by awarding an amount less than what Donley sought in his fee petition.

¶ 4        We agree with Springfield that the trial court erred by awarding any attorney fees to Donley. Accordingly, we reverse the trial court's judgment.

¶ 5                              I. BACKGROUND

¶ 6                          A. Donley's FOIA Requests

¶ 7        In April 2020, Donley *pro se* submitted a FOIA request to Springfield that sought (1) police reports regarding two separate incidents that occurred while Donley was staying at a halfway house in Springfield, Illinois, (2) "Copies of all Police Reports an[d] Arrests made concerning all inmates in the Past 5 years that lived at [that] Halfway House," (3) "a Complete list of all reports made in the other 4 Halfway Houses in the Past 5 years owned By Dave Kettlekamp just south of [that halfway house]," and (4) "any Laws, procedures, rules that Dave Kettlekamp and Springfield Parole Office has to follow in order to run [and] operate a Legal Halfway House in Springfield for inmates getting out of prison."

¶ 8        Later that month, Springfield provided to Donley records related to his first request (the two incidents at the halfway house while Donley was a resident there) but denied (1) requests two and three (records relating to other residents and incidents) pursuant to sections 7(1)(b), 7(1)(c), 7(1)(e-9), and 7(1)(e-10) of the FOIA (5 ILCS 140/7(1)(b), (c), (e-9), (e-10)

(West 2020)) and (2) request four because the request was "vague and fail[ed] to reasonably describe a specific record or process at the Springfield Police Department."

¶ 9          B. Donley's Complaint and the Motion for Summary Judgment

¶ 10          In August 2020, Donley, now represented by counsel, filed a complaint against Springfield, alleging that Springfield failed to comply with his FOIA request. Specifically, Donley alleged that Springfield (1) failed to produce requested records, (2) failed to perform an adequate search for responsive records, and (3) willfully violated the FOIA. The complaint asked the trial court for declaratory relief, injunctive relief, civil penalties, and attorney fees and costs.

¶ 11          In October 2020, Springfield filed an answer to defendant's complaint, asserting that it properly denied Donley's FOIA requests because (1) his second and third requests were exempt from disclosure under section 7(1) of the FOIA, (2) Springfield did not have responsive records to Donley's fourth request, and (3) Springfield acted in good faith when it rejected Donley's requests.

¶ 12          In December 2020, Springfield emailed Donley records responsive to his second and third requests but not the fourth. In that email chain Springfield wrote the following regarding its disclosure of the documents:

> "We respectfully disagree that our voluntary production of these records means that your client has prevailed in this lawsuit. Without repeating the entire content of our Answer and Affirmative Defenses, I briefly reiterate the City's position that your client was not entitled to the requested police reports/law enforcement records. Again, we only produced these records after the filing of this lawsuit in an attempt to resolve this matter without further litigation, not as any kind of concession to the allegations within the lawsuit."

(We note that the email chain does not contain any other information regarding Springfield's reasoning for disclosing the documents.)

¶ 13 In February 2021, Springfield moved for summary judgment, arguing that (1) the records responsive to Donley's second and third requests were exempt from disclosure under section 7(1)(e-10) of the FOIA, (2) the fourth request failed to reasonably identify the records being sought, (3) because Springfield was not required to produce responsive records to the second, third, and fourth requests, Springfield was not required to perform an adequate search for responsive records, and (4) Springfield did not willfully or intentionally violate the FOIA.

¶ 14 Donley filed a response to Springfield's motion for summary judgment, arguing that (1) the issues of whether (a) the records were exempt and (b) Springfield's search was adequate were moot after Springfield's disclosure of the documents in December 2020, (2) "[t]here is no dispute that [Donley] is a prevailing party and is entitled to attorneys fees and costs," and (3) Springfield willfully and intentionally or otherwise in bad faith violated the FOIA.

¶ 15 Following an April 2021 hearing, the trial court granted Springfield's motion for summary judgment, finding, among other things, that (1) Springfield did not violate the FOIA or otherwise act in bad faith by initially withholding the responsive records requested in Donley's second and third requests, (2) those records were exempt from disclosure under section 7(1)(e-10) of the FOIA, (3) Donley's fourth request "failed to reasonably identify the records being sought," and (4) "[s]ince [Donley] had to file a lawsuit in order for the records to be produced, he is arguably entitled to some fees and costs." The court also reserved the issue of attorney fees and costs and requested additional briefing on that issue.

¶ 16 In May 2021, Donley filed a petition for attorney fees and costs, arguing that

because he was the prevailing party, he was entitled to reasonable attorney fees. Springfield filed a response to Donley's fee petition, arguing that Donley was not entitled to any attorney fees because he did not prevail. Alternatively, Springfield argued that if Donley was entitled to fees, the amount he was seeking was not reasonable.

¶ 17        In June 2021, the trial court entered a written order awarding Donley attorney fees, albeit in an amount less than what Donley sought.

¶ 18        This appeal and cross-appeal followed.

¶ 19                                II. ANALYSIS

¶ 20        Springfield appeals, arguing, among other things, that the trial court erred by awarding Donley attorney fees. Donley cross-appeals, arguing, among other things, that the court (1) did not err by awarding attorney fees but (2) erred by awarding an amount less than what Donley sought in his fee petition.

¶ 21        We agree with Springfield that the trial court erred by awarding any attorney fees to Donley. Accordingly, we reverse the trial court's judgment.

¶ 22                A. The Applicable Law and the Standard of Review

¶ 23                        1. *The Standard of Review*

¶ 24        Appellate courts review grants of summary judgment *de novo*. *International Ass'n of Fire Fighters, Local 50 v. City of Peoria*, 2022 IL 127040, ¶ 11. "Whether a court has authority to grant attorney fees is a question of law, which we review *de novo*. *** However, a court's decision whether to award authorized fees is reviewed for an abuse of discretion." *In re Estate of Martin*, 2020 IL App (2d) 190140, ¶ 57.

¶ 25                        2. *The FOIA and Fee Awards*

¶ 26        "The General Assembly has declared [the] FOIA's underlying public policy to be

that 'all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act.' " *Green v. Chicago Police Department*, 2022 IL 127229, ¶ 37 (quoting 5 ILCS 140/1 (West 2018)). Accordingly, all "public records are presumed to be open and accessible." *Id.* ¶ 38.

¶ 27     However, the FOIA also provides that certain documents are exempt from disclosure. Relevant to this case, section 7 of the FOIA provides the following:

"(1) When a request is made to inspect or copy a public record that contains information that is exempt from disclosure under this Section, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt. The public body shall make the remaining information available for inspection and copying. Subject to this requirement, the following shall be exempt from inspection and copying:

\* \* \*

(e-10) Law enforcement records of other persons requested by a person committed to the Department of Corrections, \*\*\* *except* as these records may be relevant to the requester's current or potential case or claim." (Emphasis added.) 5 ILCS 140/7(e-10) (West 2020).

¶ 28     "[T]he appropriate time to measure whether a public record may be withheld is when the public body asserts the exemption and denies the request." *Green*, 2022 IL 127229, ¶ 72.

¶ 29     Regarding enforcement of the FOIA, section 11 provides the following for the enforcement of FOIA requests:

"(a) Any person denied access to inspect or copy any public record by a

public body may file suit for injunctive or declaratory relief.

* * *

(i) If a person seeking the right to inspect or receive a copy of a public record *prevails* in a proceeding under this Section, the court shall award such person reasonable attorney's fees and costs. In determining what amount of attorney's fees is reasonable, the court shall consider the degree to which the relief obtained relates to the relief sought." (Emphasis added.) 5 ILCS 140/11(i) (West 2020).

¶ 30 Recently, this court discussed the meaning of "prevail" in section 11 and concluded that "a favorable court finding [is] unnecessary for a FOIA complainant to 'prevail' in their suit against a governmental body." *Martinez v. City of Springfield*, 2022 IL App (4th) 210290, ¶ 46 (citing favorably the First District's holding in *Uptown People's Law Center v. Department of Corrections*, 2014 IL App (1st) 130161, for its similar conclusion). Accordingly, a plaintiff's obtaining the relief sought, even resulting from a defendant's voluntary, mid-litigation production of documents, may entitle that plaintiff to an award of reasonable attorney fees. *Id.* ¶ 43.

¶ 31 B. This Case

¶ 32 Springfield concedes that a requester may prevail under the FOIA even if he does not obtain court-ordered relief, citing *Martinez*. Nonetheless, Springfield asserts that Donley did not prevail in this case because the documents Springfield provided to defendant, which were responsive to his requests number two and three, were initially exempt from disclosure. Only after Donley filed his lawsuit against Springfield was Springfield put on notice that the exemption upon which Springfield relied did not apply because Donley had a current or potential case or claim against Springfield.

¶ 33 The nub of Springfield's argument is that because it properly denied Donley's

request under section 7 of the FOIA (5 ILCS 140/7(e-10) (West 2020)) *based on the information reasonably available to it at the time*, Donley did not prevail within the meaning of the FOIA despite his ultimately receiving the documents. We agree.

¶ 34                    1. *Springfield Properly Denied Donley's Requests*

¶ 35         Springfield denied Donley's requests for (1) "copies of police reports and arrests made concerning all inmates in the past 5 years" and (2) "a complete list of all reports in the other 4 halfway houses in the past 5 years owned by Dave Kettlekamp just south of the [first] one at 1003 N 10th Street." Because (1) those document requests were for police reports related to other individuals, which are "law enforcement records" and (2) Donley was a prisoner in the DOC, those requested records are normally exempt under section 7 of the FOIA. See 5 ILCS 140/7(1)(e-10) (West 2020). However, those records are not exempt if the "records may be relevant to the requester's current or potential case or claim." *Id.*

¶ 36         Donley argued in the trial court that the records were not exempt because they were relevant to his claim in "*Donley v. Hart, et al.*, 3:20-CV-03068-JES, filed in the U.S. District Court of the Central District of Illinois on March 11, 2020." But, as Springfield points out, Donley did not provide any information about a pending lawsuit in his FOIA request to Springfield. Because Donley did not provide information about his federal case, Springfield had no reason to believe the records were not exempt—that is, Springfield had no reason to believe the exemption in section 7(1)(e-10) of the FOIA did not apply. Accordingly, based on the information known to Springfield at the time of the request (which was the information Donley chose to put in his request) (see *Green*, 2022 IL 127229, ¶ 72 ("[T]he appropriate time to measure whether a public record may be withheld is when the public body asserts the exemption and denies the request.")), we conclude Springfield properly denied Donley's requests.

¶ 37          2. *Because Springfield Properly Denied Donley's Requests Donley Did Not Prevail*

*by Later Obtaining the Documents*

¶ 38          Although Donley argues that he prevailed in the present case by obtaining the documents he sought after filing a lawsuit against Springfield, such a result, given this record, would be at odds with the purpose of the FOIA fee-shifting provision and "could lead to the absurd result of burdening the public body with the requester's attorney fees even if the denial was proper when the agency made its decision." *Green*, 2022 IL 127229, ¶ 72. Indeed, a plaintiff may prevail despite the lack of a favorable court finding, but that does not mean a plaintiff prevails despite an *unfavorable* court finding, as happened here. Nor does any case we are aware of stand for the proposition that a plaintiff who receives the documents he or she sought following litigation *always* prevails within the meaning of the FOIA.

¶ 39          Donley argues that the merits of his requests are irrelevant to an award of attorney fees because the goal of FOIA is not to punish the public entity but to facilitate access to public records. We strongly disagree. In support of his argument, Donley cites *Martinez*, 2022 IL App (4th) 210290, ¶ 29, and *Uptown*, 2014 IL App (1st) 130161, ¶ 4, but those cases are distinguishable from the present case. Neither in *Martinez* nor in *Uptown* were the responsive documents determined to be initially exempt from disclosure—unlike this case. *Martinez*, 2022 IL App (4th) 210290, ¶ 29; *Uptown*, 2014 IL App (1st) 130161, ¶ 4.

¶ 40          To avoid absurd results, such as a plaintiff receiving attorney fees even if a denial was proper, prevailing under the FOIA requires more than the simple correlation of (1) a lawsuit against the public entity and (2) the document's production. To prevail also requires (1) the lawsuit to have caused the production of the documents and (2) the lawsuit to have been reasonably necessary to obtain those documents.

¶ 41 Under the prior version of the FOIA, for a plaintiff to be awarded attorney fees, the plaintiff had to be both "eligible" and "entitled" to the fees. *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 787 (1999). Eligibility depended on whether the plaintiff "substantially" prevailed, and entitlement depended on whether "the record or records in question clearly were of significant interest to the general public and that the public body lacked any reasonable basis in law for withholding the record." *Id.* at 786. In other words, under the prior version of the FOIA, a plaintiff could obtain responsive documents from the defendant and not be awarded attorney fees, provided the defendant had a reasonable basis for withholding the records, despite the documents not being actually exempt from disclosure. Likewise, a plaintiff who obtained requested documents but whose request for the documents was properly denied would unquestionably not be entitled to a fee award.

¶ 42 In *Uptown*, the First District discussed in detail the legislative history and judicial environment that preceded the 2010 amendment to section 11(i) of the FOIA. *Uptown*, 2014 IL App (1st) 130161, ¶ 18. The First District observed that the legislature removed the word "substantially" from "substantially prevails" and stripped the trial courts of their discretion in awarding attorney fees, making attorney fees mandatory when a FOIA plaintiff prevails. *Id*. The court concluded that "the modification was intended to ensure that successful plaintiffs could obtain attorney fees regardless of the extent to which they had prevailed, no matter how slight" and "increase the instances in which a plaintiff obtains attorney fees after receiving a requested document, not to decrease those instances." *Id.* ¶ 20. In *Martinez*, this court cited favorably the First District's analysis. *Martinez*, 2022 IL App (4th) 210290, ¶ 43.

¶ 43 We add to that discussion that not only did the legislature remove the word "substantially" from section 11(i), but it also removed the language requiring that the public entity

lack any reasonable basis for rejecting a request in order to award attorney fees. Pub. Act 96-542, § 10 (eff. Jan. 1, 2010) (amending 5 ILCS 140/11(i)). This change makes sense in light of the legislature's "intention to be more favorable to individuals who make *meritorious* FOIA requests." (Emphasis added.) *Uptown*, 2014 IL App (1st) 130161, ¶ 18. Effectively, the legislature guaranteed that plaintiffs who made a meritorious FOIA request would receive attorney fees even if the public entity was merely mistaken about the propriety of a claimed exemption. However, the removal of that language did not open the floodgates for any litigant—meritorious or not—to receive attorney fees. The legislature may have removed the question of entitlement from the attorney fees analysis but not the question of eligibility.

¶ 44        Regarding the test for eligibility, the First District in *Duncan* stated the following:

"[T]he inquiry is whether [(1)] the filing of suit was reasonably necessary to obtain the information and [(2)] a causal nexus exists between the action and the agency's surrender of the information. *** A plaintiff will not be eligible for an award of fees if the production of records was independent of the lawsuit or if it was due to routine administrative proceeding." *Duncan*, 304 Ill. App. 3d at 786.

We note that this requirement is very similar to that of the "catalyst theory" for attorney fees, as defined in *Martinez*, which states "a plaintiff [can] recover attorney fees in the absence of a court order if the litigation caused the defendant to change its position." *Martinez*, 2022 IL App (4th) 210290, ¶ 24 (citing *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 601 (2001)).

¶ 45        Accordingly, because we agree with the First District's analysis in *Uptown* that the Illinois legislature changed the language of section 11(i) to make fee awards mandatory when appropriate, *Uptown*, 2014 IL App (1st) 130161, ¶ 20, we conclude that the test for eligibility for

a fee award in *Duncan* is still good law absent clear statutory language to the contrary.

¶ 46    In the present case, Donley's lawsuit did not operate to change Springfield's position on whether the records were exempt; instead, his lawsuit operated as an addendum to his previous request, alerting Springfield that he was entitled to the documents because they were relevant to his federal case. Without that information, Springfield could not have properly assessed whether the documents fit within the exemption of section 7(1)(e-10).

¶ 47    Further, in lieu of a lawsuit, Donley could have just as easily—perhaps even more easily—clarified his request by referencing his federal suit, which, we note, Springfield was not a party to. Because Donley's suit did not cause Springfield to change its position on his prior request for records, he did not prevail within the meaning of the FOIA. Likewise, Donley did not prevail because his suit was not reasonably necessary to obtain the documents because his FOIA requests were not meritorious at the time he made them.

¶ 48    Essentially, as Donley's counsel conceded during oral arguments, Donley's position is that Springfield was required to infer from the contents of Donley's FOIA request that he met the exception to the exemption in section 7(1)(e-10) of the FOIA. We strongly disagree. Requiring a government entity to look beyond the information provided in a FOIA request would be inefficient and expensive, especially when the burden on the requester to simply include the pertinent information in his request is so minimal. (We note that had Donley included information regarding his federal case, this lawsuit would likely have been avoided.) Further, such a requirement would render the exemption in section 7(1)(e-10) meaningless because a prisoner's document request always relates to some potential litigation.

¶ 49            3. *Awarding Fees Here Would Be Bad Policy*

¶ 50    We note that precedent exists to deny fee awards based on the purpose of the FOIA

and section 11's fee-shifting provision. See *Uptown*, 2014 IL App (1st) 130161, ¶ 23 (denying fee award for attorney acting *pro se* and citing *Hamer v. Lentz*, 132 Ill. 2d 49, 51 (1989)). In *Hamer*, the supreme court observed that the purpose of the fee-shifting provision was to encourage citizens to make sure FOIA was enforced, not to reward successful plaintiffs or punish the government. *Hamer*, 132 Ill. 2d at 62. Another goal the court identified was to avoid unnecessary litigation. *Id.* Further, the court wrote that the fear of abusive fee generation was not unreasonable if attorneys could proceed *pro se* and obtain fee awards. *Id.* For those reasons, the supreme court concluded that *pro se* litigants are not entitled to fee awards. *Id.* at 63.

¶ 51 Those same policy concerns are important here. Donley did not need to file a lawsuit to obtain the documents. He merely needed to provide the information that Springfield required to make an informed decision as to whether to disclose the documents. Donley alone held the key to access the documents he requested, and because he chose not to disclose information, known only to him, regarding his federal litigation, Springfield was unaware of any relevance the requested documents could have had to Donley. Accordingly, Springfield correctly rejected his initial requests.

¶ 52 We reject Donley's call to penalize Springfield for its failure to scour country-wide court filings and examine each complaint, answer, and reply in a search for some nugget of litigation to support Donley's request for law enforcement documents. Accordingly, Donley is not entitled to attorney fees.

¶ 53                                    III. CONCLUSION

¶ 54        For the reasons stated, we reverse the trial court's judgment.

¶ 55        Reversed.

*Donley v. City of Springfield*, 2022 IL App (4th) 210378

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 20-CH-140; the Hon. Raylene Grischow, Judge, presiding. |
| **Attorneys for Appellant:** | James Zerkle, Corporation Counsel, of Springfield (Kateah M. McMasters, Assistant Corporation Counsel, of counsel), for appellants. |
| **Attorneys for Appellee:** | Matthew Topic, Josh Loevy, Merrick Wayne, and Shelley Geiszler, of Loevy & Loevy, of Chicago, for appellee. |