NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220455-U

NO. 4-22-0455

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 18, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JAMAL SHEHADEH, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| SANGAMON COUNTY SHERIFF, | ) | No. 21MR1626 |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Christopher G. Perrin, |
| | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the judgment of the court.
Justices Harris and Doherty concurred in the judgment.

**ORDER**

¶ 1        *Held:* The appellate court affirmed the trial court's order granting summary
           judgment in favor of defendant.

¶ 2        In December 2021, plaintiff, Jamal Shehadeh, an inmate at the Christian County jail, *pro se* filed a complaint for declaratory judgment and injunctive relief against defendant, the Sangamon County Sheriff (Sheriff), pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2020)). The complaint also sought civil penalties and costs. In March 2022, the Sheriff filed a motion for summary judgment, which the trial court granted, finding the documents Shehadeh sought were exempt under section 7(1)(e-10) of the FOIA (*id.* § 7(1)(e-10)).

¶ 3        Shehadeh appeals, arguing the trial court erred by granting summary judgment in favor of the Sheriff because the Sheriff (1) waived the section 7(1)(e-10) FOIA exemption by not

claiming that exemption in its initial FOIA response and, alternatively (2) failed to prove by clear and convincing evidence that the section 7(1)(e-10) exemption applied. We disagree and affirm the trial court's decision.

¶ 4                                    I. BACKGROUND

¶ 5            In December 2021, Shehadeh filed a complaint for declaratory judgment and injunctive relief against the Sheriff pursuant to the FOIA. The complaint also sought civil penalties and costs. In his complaint, Shehadeh alleged that he sent a FOIA request to the Sheriff, in which he wrote he sought "all records pertaining to Steven H. Behl. Be sure to include arrest/booking photos." Five days later, Shehadeh received a response from the Sheriff's Office denying his request in its entirety. Shehadeh alleged that the denial was improper because it failed "to segregate exempt from non-exempt data under [the] FOIA § 7(1) and fail[ed] to provide a detailed legal and factual basis for withholding [the documents] as required by §§ 9(a) [and] 9(b) [of the FOIA]."

¶ 6            The denial, which Shehadeh attached to his complaint, contained a list of exemptions under the FOIA. Each exemption was immediately preceded by a checkbox, which the FOIA Officer for the Sheriff would mark to indicate that the Sheriff was claiming the corresponding exemption. In that response denying Shehadeh's request, using that FOIA denial form, the Sheriff claimed that the documents were exempt only under section 7(d)(iv) of the FOIA (5 ILCS 140/7(1)(d)(iv) (West 2020)).

¶ 7            In March 2022, the Sheriff filed a motion for summary judgment, arguing that (1) because Shehadeh was a prisoner who was requesting law enforcement records, the responsive records were exempt from disclosure under section 7(1)(e-10) and (2) the Sheriff did not waive that exemption by failing to claim the exemption in its initial response to the FOIA

request. Attached to the motion was the affidavit of Stephanie Brown, the FOIA officer for the Sheriff. Brown averred that when she reviewed Shehadeh's request, she determined the responsive records were exempt from disclosure under section 7(1)(e) of the FOIA because the requester was an inmate for law enforcement records, but she inadvertently checked the wrong box on the FOIA response form.

¶ 8　　　　In May 2022, Shehadeh filed a cross-motion for summary judgment, arguing, among other things, that section 7(1)(e-10) of the FOIA required the Sheriff to show by clear and convincing evidence that "the data sought does not pertain to a potential case." Accordingly, Shehadeh argued, the Sheriff had not carried its burden because he had a related small claims case in Christian County against Behl, the subject of the FOIA request.

¶ 9　　　　Later that month, the trial court conducted a hearing on the motions for summary judgment, concluded that the records sought by Shehadeh were exempt under section 7(1)(e-10) of the FOIA, and granted summary judgment in favor of the Sheriff. (We note that the record on appeal does not contain a report of proceedings.)

¶ 10　　　　This appeal followed.

¶ 11　　　　　　　　　　II. ANALYSIS

¶ 12　　　　Shehadeh appeals, arguing the trial court erred by granting summary judgment in favor of the Sheriff because the Sheriff (1) waived the section 7(1)(e-10) FOIA exemption by not claiming that exemption in its initial FOIA response and, alternatively (2) failed to prove by clear and convincing evidence that the section 7(1)(e-10) exemption applied. We disagree and affirm the trial court's decision.

¶ 13　　　　　　　A. The Applicable Law and the Standard of Review

¶ 14　　　　　　　　　　1. *Summary Judgment*

¶ 15    A grant of summary judgment is appropriate when the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is clearly entitled to judgment as a matter of law. *Chicago Sun-Times v. Cook County Health & Hospitals Systems*, 2022 IL 127519, ¶ 24. " 'When parties file cross-motions for summary judgment, they mutually agree that there are no genuine issues of material fact and that only a question of law is involved.' " *Id.* Appellate courts review a trial court's granting of summary judgment *de novo*. *Id.*

¶ 16                                        2. *The FOIA*

¶ 17    "The General Assembly has declared [the] FOIA's underlying public policy to be that 'all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act.' " *Green v. Chicago Police Department*, 2022 IL 127229, ¶ 37 (quoting 5 ILCS 140/1 (West 2018)). Accordingly, all "public records are presumed to be open and accessible." *Id.* ¶ 38.

¶ 18    However, the FOIA also provides that certain documents are exempt from disclosure. Relevant to this case, section 7(1)(e-10) of the FOIA provides the following:

"(1) When a request is made to inspect or copy a public record that contains information that is exempt from disclosure under this Section, but also contains information that is not exempt from disclosure, the public body may elect to redact the information that is exempt. The public body shall make the remaining information available for inspection and copying. Subject to this requirement, the following shall be exempt from inspection and copying:

- 4 -

* * *

> (e-10) Law enforcement records of other persons requested by a person
> committed to the Department of Corrections, Department of Human Services
> Division of Mental Health, or a county jail, *** *except* as these records may be
> relevant to the requester's current or potential case or claim." (Emphasis added.) 5
> ILCS 140/7(1)(e-10) (West 2020).

¶ 19 Regarding enforcement of the FOIA, section 11 of the FOIA provides, in part, that "[a]ny person denied access to inspect or copy any public record by a public body may file suit for injunctive or declaratory relief." *Id.* § 11(a).

¶ 20 B. This Case

¶ 21 1. *The Sheriff Did Not Waive the Exemption Under Section 7(1)(e-10) of the FOIA*

¶ 22 Shehadeh first argues that the Sheriff waived its claim to the exemption under section 7(1)(e-10) of the FOIA because it did not claim that exemption in its denial of Shehadeh's FOIA request. Shehadeh bases his argument on the Second District's decision in *Rock River Times v. Rockford Public School District 205*, 2012 IL App (2d) 110879, 977 N.E.2d 1216. However, that case is inapposite to the present case. *Rock River Times* concerned the issue of whether a public body's raising of successive, inapplicable exemptions could support a finding of a willful and intentional violation of the FOIA. *Id.* ¶¶ 51-54. *Rock River Times* does not stand for the proposition that a public body is barred from asserting exemptions not claimed in its original denial of a requester's FOIA request, as Shehadeh asserts.

¶ 23 In fact, Shehadeh's position has already been rejected multiple times. See, *e.g.*, *Hosey v. City of Joliet*, 2019 IL App (3d) 180118, ¶ 12, 124 N.E.3d 1075 (holding exemptions not referenced in a public body's original denial letter were not waived); *Chicago Tribune Co. v.*

- 5 -

*Department of Financial & Professional Regulation*, 2014 IL App (4th) 130427, ¶ 26, 8 N.E.3d 11 (holding waiver does not apply when the public body "does not maintain the number of initial claims received against individual license holders and *** has no duty to compile information to satisfy a FOIA request"); *Kopchar v. City of Chicago*, 395 Ill. App. 3d 762, 769-70, 919 N.E.2d 76, 83-84 (2009) (finding, because "the FOIA mandates that the circuit court conduct a *de novo* review" of claimed exemptions, a public body does not forfeit exemptions it does not claim in its initial rejection to a FOIA request). We reaffirm the holdings in those cases here and conclude that, as a matter of law, a public body does not waive exemptions it failed to cite in its FOIA denial letter.

¶ 24　　　　　　2. *The Sheriff Is Not Required To Prove the Inapplicability of the Exception*

¶ 25　　　　　　Shehadeh next argues that even if the Sheriff did not waive the section 7(1)(e-10) exemption, the Sheriff failed to prove by clear and convincing evidence that the exemption applied. The gist of Shehadeh's argument is that for a public body to claim the section 7(1)(e-10) exemption, it must show not only that (1) the requester was a prisoner at the time of the request and (2) the requested documents were law enforcement records, but also that (3) the exception to the exemption does not apply—namely, the records do not relate to a current or potential case or claim." 5 ILCS 140/7(1)(e-10) (West 2020). The Sheriff argues that it does not need to show that the exception does not apply because Shehadeh did not claim the exception until his motion for summary judgment and never explained how his FOIA request was relevant to his small claims case in Christian County against Behl. We agree with the Sheriff.

¶ 26　　　　　　This court recently addressed a similar issue in *Donley v. City of Springfield*, 2022 IL App (4th) 210378. In *Donley*, the Springfield Police Department (Springfield) denied Donley's FOIA request pursuant to section 7(1)(e-10) of the FOIA because Donley was a

prisoner, and the request was for law enforcement records. *Id.* ¶ 35. Subsequently, Donley filed a complaint against Springfield arguing that the denial was improper because his request was relevant to a claim he had filed in federal court, entitling him to the exception to the section 7(1)(e-10) exemption. *Id.* ¶ 36. However, Springfield learned of Donley's federal case for the first time when it received Donley's complaint. *Id.*

¶ 27          Because Donley did not state in his FOIA request that the information he sought was pertinent to a pending federal case, this court concluded that the denial was proper based on the information reasonably known to Springfield at the time of the request. *Id.* That is to say, when Springfield denied the request, because Donley made no mention of the federal case, Springfield had no reason to know of (1) the existence of Donley's other case and (2) the relevance of the documents to that case. *Id.* This court later explained that "[r]equiring a government entity to look beyond the information provided in a FOIA request would be inefficient and expensive, especially when the burden on the requester to simply include the pertinent information in his request is so minimal." *Id.* ¶ 48.

¶ 28          Shehadeh insists that "[a] simple check of the court's electronic docket for the county in which [he] is jailed" would have revealed his small claims case against Behl. However, even if such a search could have revealed that information to the Sheriff, it had no way of knowing whether documents responsive to Shehadeh's FOIA request were relevant to his small claims case. Instead of requiring the Sheriff to make a "simple check of the court's electronic docket for the county"—which we note would be highly unlikely to alert the Sheriff to litigation in other counties—the *simplest* way to ensure that the Sheriff was aware of Shehadeh's small claims case pending in another county was for Shehadeh himself to disclose in his FOIA request (1) the existence of the other litigation and (2) the relevancy of the requested documents to that

litigation.

¶ 29　　　　　Moreover, no amount of searching by the Sheriff could ever lay bare the contents of Shehadeh's mind. We note that the language of section 7(1)(e-10) provides not only an exception to the exemption for documents relevant to a current case or claim, but also for documents relevant to a "*potential* case or claim." (Emphasis added.) 5 ILCS 140/7(1)(e-10) (West 2020). Because section 7(1)(e-10) includes in the exception information known only to the requester, the legislature clearly intended the requester claiming the exception to disclose to the public body why he or she believes the exception applies. As the Sheriff aptly stated its brief: "In every instance, it is the prisoner requester who is aware of the lawsuits in which he is a party. In every instance, it is the prisoner requester who knows why the records he seeks may be relevant (not simply 'related,' as [Shehadeh] suggests) to [the] lawsuit." Regarding this point, we reiterate what this court wrote in *Donley*:

> "Requiring a government entity to look beyond the information provided in a FOIA request would be inefficient and expensive, especially when the burden on the requester to simply include the pertinent information in his request is so minimal. *** Further, such a requirement would render the exemption in section 7(1)(e-10) meaningless because a prisoner's document request always relates to some potential litigation." *Donley*, 2022 IL App (4th) 210378, ¶ 48.

¶ 30　　　　　Just like in *Donley*, here, Shehadeh withheld information from the Sheriff that was necessary to determine whether the exception to section 7(1)(e-10) applied. Given the absence of that information—namely, (1) the existence of that case or claim and (2) the relevance of the requested documents to a potential or current case or claim and (see 5 ILCS 140/7(1)(e-10) (West 2020))—the Sheriff had no reason to believe the exception to section

7(1)(e-10) of the FOIA applied to Shehadeh's request. See *Donley*, 2022 IL App (4th) 210378, ¶ 52 ("We reject Donley's call to penalize Springfield for its failure to scour country-wide court filings and examine each complaint, answer, and reply in a search for some nugget of litigation to support Donley's request for law enforcement documents."). Accordingly, the trial court properly granted summary judgment in favor of the Sheriff.

¶ 31                          III. CONCLUSION

¶ 32        For the reasons stated, we affirm the trial court's judgment.

¶ 33        Affirmed.