NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241067-U

NOS. 4-24-1067, 4-24-1153 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 31, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JARED M. STAAKE, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| THE SANGAMON COUNTY SHERIFF'S OFFICE, | ) | Nos. 23MR220 |
|     Defendant-Appellee. | ) |     23MR251 |
| | ) | |
| | ) | Honorable |
| | ) | Rudolph M. Braud & |
| | ) | Christopher G. Perrin |
| | ) | Judges Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court (1) affirmed the trial court's summary dismissal of plaintiff's amended complaints, which alleged violations of the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2022)), because plaintiff failed to establish how the recordings he requested "may be relevant" to his cases or claims (*id.* § 7(1)(e-10)), (2) concluded plaintiff was not entitled to civil penalties and costs, and (3) declined to look to the discovery rules to define relevancy for purposes of the FOIA.

¶ 2    In Sangamon County case Nos. 23-MR-220 and 23-MR-251, plaintiff, Jared M.

Staake, *pro se* filed amended complaints for injunctive relief and declaratory judgment against

defendant, the Sangamon County Sheriff's Office (Sheriff's Office), pursuant to the Freedom of

Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2022)). The amended complaints also

sought civil penalties and costs. In both cases, the parties moved for summary judgment. The

trial court granted summary judgment for the Sheriff's Office, finding the recordings Staake

requested were exempt from production under the FOIA because Staake failed to establish, as an exception to the exemption, how the recordings "may be relevant" to two pending cases filed against him and one suit he may file (*id.* § 7(1)(e-10)).

¶ 3        Staake appeals, arguing (1) the trial court erred by entering summary judgment in the Sheriff's Office's favor in both cases because the recordings "may be relevant" to his existing and potential cases, (2) he is entitled to civil penalties and costs as a result, and (3) the discovery rules should be used to define what "may be relevant" means for purposes of the FOIA. We disagree and affirm.

¶ 4                                I. BACKGROUND

¶ 5        The records on appeal do not contain the recordings Staake requested pursuant to the FOIA. Moreover, no reports of proceedings or acceptable substitutes were filed. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Accordingly, the information in this background is taken solely from the common law records.

¶ 6                        A. Facts Common to Both Cases

¶ 7        On March 20, 2023, Staake's wife, Chelsie Bounds, filed a petition for an emergency order of protection against Staake.

¶ 8        On March 21, 2023, the couple was charged with criminal offenses unrelated to the order of protection.

¶ 9        On March 22, 2023, the couple was arrested, booked, and detained in the Sangamon County jail. While in jail, Bounds allegedly made statements to others over the jail's recorded phone lines about the order of protection and criminal offenses.

¶ 10                        B. Case No. 23-MR-220

¶ 11                1. *The Original Complaint and Related Proceedings*

¶ 12        In July 2023, Staake filed a seven-count complaint against the Sheriff's Office pursuant to the FOIA. In his complaint, Staake alleged that he submitted three separate FOIA requests, and he resubmitted the second and third requests multiple times. Staake attached his FOIA requests and the Sheriff's Office's responses to the complaint. Staake's requests sought, relevant to this appeal, the production of communication records between March 22 and 25, 2023, including (1) phone calls Bounds made that the jail recorded and (2) phone numbers Bounds dialed from the jail. In his FOIA requests, Staake alleged the recorded phone calls and other materials were " 'relevant' to his current or potential case or claim involving Ms. Bounds," and in his third request, he specified that they were "relevant to [Staake's] current and potential case and claim involving Chelsie Bounds," including (1) "Bounds v. Staake, MaCoupin [*sic*] Co. #23-OP-79," (2) "People v. Bounds, Sang. Co. #23-CF-238," and (3) a "potential" libel, slander, or defamation suit he may file. Staake explained, "Bounds has spoken about facts regarding [Staake's] case and claims over the jail's recorded phone lines."

¶ 13        In his complaint, Staake alleged that the Sheriff's Office improperly denied his first FOIA request when it concluded that the records were exempted from production under, among other sections, section 7(1)(e-10) of the FOIA (5 ILCS 140/7(1)(e-10) (West 2022)), which, as relevant to this case, prohibited the production of the requested records concerning Bounds unless Staake established, as an exception to the exemption, how the records "may be relevant." Staake did not allege any facts indicating how his cases or claims "may be relevant" to the requested materials. Instead, he simply alleged Bounds made statements concerning all these cases, and, thus, such statements were "inherently relevant." Regarding the second and third requests, which were submitted and resubmitted multiple times, Staake alleged the Sheriff's Office also (1) failed to respond at all to some of the submissions, (2) did not timely respond, and

(3) denied his requests because Staake failed to use the Sheriff's Office's standardized form. Staake sought disclosure of the records as well as statutory damages.

¶ 14    In August 2023, the Sheriff's Office moved for partial summary judgment, asserting, among other things, Staake failed to establish how the recorded telephone calls "may be relevant" to his potential and pending cases or claims. (The Sheriff's Office did not seek summary judgment as to the claims it untimely responded and rejected Staake's requests because they were not submitted on the Sheriff's Office's standardized form.)

¶ 15    Later in August 2023, Staake filed a motion to have the withheld records turned over to the trial court for an *in camera* inspection.

¶ 16            2. *The Amended Complaint and Related Proceedings*

¶ 17    In October 2023, Staake filed a motion for leave to file a three-count amended complaint. In count I, Staake alleged the Sheriff's Office misapplied the exception to the FOIA exemption because Bounds's recorded phone conversations were "inherently relevant" to attacking Bounds's credibility in (1) the order of protection case (Bounds v. Staake, No. 23-OP-79 (Cir. Ct. Macoupin County)), (2) Staake's criminal case (People v. Staake, No. 23-CF-237 (Cir. Ct. Sangamon County)), and (3) a potential claim for malicious prosecution, libel, slander, or defamation that Staake may file. In count II, Staake claimed defendant incorrectly mandated that some of Staake's FOIA requests be submitted on the Sheriff's Office's standardized form, and in count III, Staake asserted the Sheriff's Office untimely responded to one of Staake's FOIA requests.

¶ 18    As with the original complaint, Staake did not allege any facts indicating how his cases or claims "may be relevant" to the recordings. However, Staake attached to his amended complaint a September 2023 FOIA request, which was submitted after Staake filed his original

complaint. This request sought the same recorded telephone calls and further asserted that those calls were relevant to the OP case and defendant's criminal cases. The request then stated the following:

> "Chelsie Bounds has made new, additional or different statements over the [Sangamon County jail's] recorded phone lines that are inconsistent with previous statements or positions that she has taken in all the above referenced cases. Those sought telephone records of Chelsie Bounds speaking about those cases or alleged facts underlying those cases is relevant to [Staake's] defenses to those cases by attacking Chelsie Bounds' credibility."

¶ 19    In December 2023, the trial court granted the Sheriff's Office partial summary judgment on Staake's original complaint as to all counts except those alleging the Sheriff's Office (1) did not timely respond and (2) denied Staake's requests because he failed to use the Sheriff's Office's standardized form. The court also granted Staake leave to file his amended complaint. Staake's motion for an *in camera* inspection remained pending.

¶ 20    In January 2024, the Sheriff's Office moved for partial summary judgment on Staake's amended complaint. Concerning count I, the Sheriff's Office asserted partial summary judgment was proper because (1) the trial court had already entered summary judgment on identical claims in Staake's original complaint and (2) Staake failed to establish how the recordings "may be relevant" to his cases or claims. Although the September 2023 FOIA request sought production of the same recordings, the Sheriff's Office did not seek summary judgment as to this request. Regarding counts II and III, the Sheriff's Office argued summary judgment should be granted because, although it may have acted improperly in untimely responding and directing Staake to submit his requests on its standardized form, the requests nevertheless would

have been denied on the merits.

¶ 21          In February 2024, Staake filed a cross-motion for summary judgment. He claimed he established Bounds's recorded telephone calls "may be relevant" when he asserted Bounds made statements about his cases and cited the case numbers.

¶ 22          In April 2024, the trial court granted summary judgment in the Sheriff's Office's favor as to all counts and claims except the September 2023 FOIA request. In doing so, the court noted it would review the recordings to see whether they "may be relevant" as set forth in the September 2023 request. The court ordered the Sheriff's Office to provide the recordings to the court for *in camera* review.

¶ 23          We note that the basis for the trial court's ruling does not appear in the common law record. Nonetheless, the record demonstrates that the court ordered Staake to submit an amended September 2023 FOIA request, which Staake did in May 2024.

¶ 24          Later in May 2024, the Sheriff's Office moved for summary judgment on Staake's amended September 2023 FOIA request, arguing Staake again failed to establish how Bounds's recorded phone calls "may be relevant." In its motion, the Sheriff's Office asserted that Staake, in the amended request, identified three potential claims (malicious prosecution, defamation, and slander) and two existing cases (Bounds v. Staake, No. 23-OP-79 (Cir. Ct. Macoupin County), and People v. Staake, No. 23-CF-237 (Cir. Ct. Sangamon County)). The motion further asserted that his amended request did not provide any facts indicating how the recorded phone calls "may be relevant" to these cases or claims.

¶ 25          In addition, the Sheriff's Office stated in its motion for summary judgment that it had given the trial court the recorded phone calls Staake requested for purposes of an *in camera* inspection. The Sheriff's Office noted it also gave Staake the recordings before any proceedings

in any of his current or potential cases began, explaining it did so because, among other reasons, it (1) wanted to conserve the court's, State's, and Sheriff's Office's resources and (2) believed Staake already had summaries of the recorded phone calls. (Regarding these summaries, the record contained a field report indicating Bounds called her mother six times on March 23, 2023. During those calls, Bounds told her mother what she was charged with and asked her mother to post bond and retain an attorney. In one conversation, Bounds told her mother Staake asked her about her charges, and she and Staake talked. The officer who prepared the report indicated he "could not understand what Bounds was telling her mother when she asked about their conversation.")

¶ 26       In July 2024, Staake filed a cross-motion for summary judgment, raising the same arguments he raised before.

¶ 27       In August 2024, the trial court granted the Sheriff's Office summary judgment as to the amended September 2023 FOIA request, finding Staake failed to establish, as an exception to the exemption, how his cases or claims may be relevant to the recordings he sought.

¶ 28                    C. Case Number 23-MR-251

¶ 29                    1. *The Original Complaint*

¶ 30       In July 2023, Staake filed in case No. 23-MR-251, as he did in case No. 23-MR-220, a seven-count complaint against the Sheriff's Office pursuant to the FOIA. In his first FOIA request, dated May 3, 2023, he alleged (1) Joseph Hembrough, a detainee in the Sheriff's Office's jail, talked to Bounds while she was in jail; (2) Bounds told Hembrough about her and Staake's criminal cases; and (3) the Sheriff's Office recorded the conversations. Staake requested, from March 14, 2023, to the date of any response, (1) all outgoing phone calls Hembrough made; (2) all recorded outgoing phone calls Hembrough made; (3) all phone calls

Hembrough made to Bounds at a specified number; (4) all incoming/outgoing messages to/from Hembrough, including, but not limited to, text behind, kiosk, and phone messages; (5) all incoming/outgoing messages between Bounds and Hembrough, including, but not limited to, text behind, kiosk, and phone messages; and (6) all recorded visits between Hembrough and Bounds.

¶ 31    In one of his requests, Staake asserted that because Hembrough and Bounds talked about Staake's cases, the requested records "may be relevant" to the order of protection case (Bounds v. Staake, No. 23-OP-79 (Cir. Ct. Macoupin County)), Staake's criminal case (People v. Staake, No. 23-CF-237 (Cir. Ct. Sangamon County)), and a potential malicious prosecution, libel, slander, or defamation suit Staake may file. In his complaint, Staake noted that the Sheriff's Office denied his requests, asserting that the records were exempt from production under, among other sections, section 7(1)(e-10) of the FOIA (5 ILCS 140/7(1)(e-10) (West 2022)).

¶ 32    Staake claimed denial of this request was improper because, pursuant to the exception to the exemption, he established that the records "may be relevant" to his cases or claims. Concerning the FOIA requests that Staake submitted and resubmitted thereafter, which did not seek any different materials, Staake also alleged the Sheriff's Office improperly denied his FOIA requests when it (1) failed to respond, (2) did not timely respond, or (3) denied his requests because Staake failed to use the Sheriff's Office's standardized form.

¶ 33    2. *The Amended Complaint and Related Proceedings*

¶ 34    In December 2023, Staake moved to file an amended three-count complaint. He alleged Bounds told Hembrough and Seth Frazier, another detainee, that she was drugged, raped, and taken hostage on the dates alleged in the order of protection and criminal cases. Staake did not allege any facts indicating that his cases or claims were relevant to these statements. Instead,

- 8 -

he alleged Bounds's statements to Hembrough were recorded via the jail's recording system, and all the statements were "inherently relevant" to his civil and criminal defenses.

¶ 35 As in case No. 23-MR-220, Staake alleged the Sheriff's Office (1) misapplied the exception to the FOIA exemption (count I), (2) incorrectly mandated that some of Staake's FOIA requests be submitted on the Sheriff's Office's standardized forms (count II), and (3) untimely responded to one of Staake's FOIA requests (count III). Attached to the amended complaint was, among other things, one page of Bounds's petition for an order of protection. In it, Bounds asserted Staake pushed and punched her in February 2023, causing her to seek treatment at a hospital. Bounds also indicated she witnessed Staake participate in a violent crime on March 15, 2023, and, thereafter, while she was under the influence of drugs and alcohol, Staake sexually assaulted her.

¶ 36 In February 2024, Staake moved for summary judgment, arguing he established the recordings "may be relevant" when he asserted Bounds made statements about his cases and cited the case numbers.

¶ 37 In April 2024, the Sheriff's Office filed a cross-motion for summary judgment. Concerning count I, the Sheriff's Office asserted summary judgment in its favor was proper because Staake failed to establish how the recordings "may be relevant" to his cases or claims. Regarding counts II and III, the Sheriff's Office argued summary judgment should be granted because, although it may have acted improperly in untimely responding or directing Staake to submit his requests on its standardized form, the requests nevertheless would have been denied on the merits.

¶ 38 In July 2024, the trial court granted the Sheriff's Office's motion for summary judgment, finding the recordings Staake requested were exempt from disclosure under the FOIA

and Staake failed to establish, as an exception to the exemption, how his cases or claims "may be relevant" to the requested recordings. The court explained that citing the underlying cases or claims and characterizing the requests as relevant did not establish that the recordings "may be relevant."

¶ 39 Staake appeals the grant of summary judgment in the Sheriff's Office's favor in both cases. We have consolidated the appeals for disposition.

¶ 40                                    II. ANALYSIS

¶ 41 Staake appeals, arguing (1) the trial court erred by entering summary judgment in the Sheriff's Office's favor in both cases because the recordings "may be relevant" to his existing and potential cases, (2) he is entitled to civil penalties and costs as a result, and (3) the discovery rules should be used to define what "may be relevant" means for purposes of the FOIA. We disagree and affirm.

¶ 42 At issue on appeal is whether the recordings Staake requested "may be relevant" pursuant to the exception to the exemption under section 7(1)(e-10) of the FOIA (5 ILCS 140/7(1)(e-10) (West 2022)). Staake argues he established the recordings he requested "may be relevant" because (1) Bounds is the opposing party in the order of protection case and the codefendant in his criminal case; (2) Bounds made statements about these cases; (3) these statements, some of which were conflicting, could be used to attack Bounds's credibility; and (4) he cited the case numbers for the emergency order of protection case and his criminal case. Moreover, Staake contends that because the FOIA does not define "may be relevant," this court should look to the discovery rules, which define relevancy in broad terms that would encompass the recordings he requested. Finally, Staake asserts that because he should have prevailed,

meaning he established the recordings "may be relevant" to his cases or claims, he is entitled to civil penalties and costs.

¶ 43        We disagree with Staake's contentions. Because the Sheriff's Office has not filed briefs in these cases, we review this appeal for *prima facie* reversible error, and, in doing so—in the absence of complete records—we conclude Staake has failed to establish (1) the recordings "may be relevant" to his cases or claims and (2) discovery rules should dictate what "may be relevant" means. Given that, Staake is not entitled to civil penalties and costs.

¶ 44                              A. The Applicable Law

¶ 45                         1. *Insufficient Records on Appeal*

¶ 46        Staake, as the appellant, "has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. We resolve any doubts arising from an incomplete record against the appellant. *Id.*

¶ 47                             2. *No Appellee's Briefs*

¶ 48        We note that the Sheriff's Office has not filed a brief in either appeal. In *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131 (1976), the supreme court held that, when no appellee's brief has been filed, a reviewing court cannot reverse the trial court's judgment *pro forma*. Rather, the reviewing court has three distinct, discretionary options:

> "(1) it may serve as an advocate for the appellee and decide the case when the court determines justice so requires, (2) it may decide the merits of the case if the record is simple and the issues can be easily decided without the aid of the appellee's brief, or (3) it may reverse the trial court when the appellant's brief

demonstrates *prima facie* reversible error that is supported by the record." *Thomas*

*v. Koe*, 395 Ill. App. 3d 570, 577 (2009).

See *Talandis Construction Corp.*, 63 Ill. 2d at 133.

¶ 49                                    3. *Summary Judgment*

¶ 50          A grant of summary judgment is appropriate when the pleadings, depositions,

admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving

party, show that there is no genuine issue of material fact and that the moving party is clearly

entitled to judgment as a matter of law. *Chicago Sun-Times v. Cook County Health & Hospitals*

*Systems*, 2022 IL 127519, ¶ 24. " 'When parties file cross-motions for summary judgment, they

mutually agree that there are no genuine issues of material fact and that only a question of law is

involved.' " *Id.* (quoting *Jones v. Municipal Employees' Annuity & Benefit Fund of Chicago*,

2016 IL 119618, ¶ 26). We review *de novo* an order granting summary judgment. *Id.*

¶ 51                                    4. *The FOIA*

¶ 52          "The General Assembly has declared FOIA's underlying public policy to be that

'all persons are entitled to full and complete information regarding the affairs of government and

the official acts and policies of those who represent them as public officials and public

employees consistent with the terms of this Act.' " *Green v. Chicago Police Department*, 2022

IL 127229, ¶ 37 (quoting 5 ILCS 140/1 (West 2018)). Accordingly, all "public records are

presumed to be open and accessible." *Id.* ¶ 38.

¶ 53          However, the FOIA also provides that certain documents are exempt from

disclosure. Relevant to this case, section 7(1)(e-10) of the FOIA provides the following:

          "(1) When a request is made to inspect or copy a public record that

          contains information that is exempt from disclosure under this Section, but also

contains information that is not exempt from disclosure, the public body may

elect to redact the information that is exempt. The public body shall make the

remaining information available for inspection and copying. Subject to this

requirement, the following shall be exempt from inspection and copying:

* * *

(e-10) Law enforcement records of other persons requested by a

person committed to *** a county jail, *** *except as these records may be*

*relevant to the requester's current or potential case or claim*." (Emphasis

added.) 5 ILCS 140/7(1)(e-10) (West 2022).

¶ 54    Section 11(*i*) of the FOIA (*id.* § 11(*i*)) provides, in relevant part, if the party

requesting records under the FOIA "prevails in a proceeding under this Section, the court shall

award such person reasonable attorney's fees and costs." Under section 11(j) of the FOIA (*id.*

§ 11(j)), a court may impose civil penalties upon the public body if the public body willfully or

intentionally failed to comply with the FOIA or otherwise acted in bad faith.

¶ 55                                 B. This Case

¶ 56                        1. *Impediments to this Appeal*

¶ 57                           a. Incomplete Records

¶ 58    The records on appeal are insufficient. Absent from the records on appeal are not

only reports of proceedings or substitutes (see Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017)),

which could shed light on what was said at the hearing on the motions for summary judgment,

but also missing are the recordings Staake requested. Consequently, in accordance with *Foutch*,

we presume that the trial court's orders finding the recordings were not relevant—namely, that

the exception to the exemption under section 7(1)(e-10) of the FOIA did not apply—were in

- 13 -

conformity with the law and had a sufficient factual basis. See *Bocock v. Will County Sheriff*, 2018 IL App (3d) 170330, ¶¶ 43-44 (*Foutch* applied where an appellant argued that a policy manual was exempt from the FOIA but the manual reviewed *in camera* was not included in the record on appeal).

¶ 59    We observe Staake was given the recordings he requested in case No. 23-MR-220 and could have, if nothing else, sought an agreed statement of facts as to what they contained. See Ill. S. Ct. R. 323(d) (eff. July 1, 2017). That said, "[e]ven where a party is not privy to materials reviewed *in camera* and found to be privileged from discovery, that party can request the court to submit those materials under seal for appellate review." *Cascade Builders Corp. v. Rugar*, 2021 IL App (1st) 192410, ¶ 28. Staake did neither.

¶ 60                                      b. No Appellee's Brief

¶ 61    Under *Talandis Construction Corp.*, we elect not to serve as an advocate for the Sheriff's Office, and we do not find that the issues raised can be easily decided without briefs from the Sheriff's Office. However, we will consider whether the trial court's judgment must be reversed because Staake's briefs demonstrate *prima facie* reversible error. In this context, *prima facie* means "at first sight, on the first appearance; on the face of it." (Internal quotation marks omitted.) *Talandis Construction Corp.*, 63 Ill. 2d at 132.

¶ 62                                      2. *The Merits*

¶ 63                          a. Whether the Recordings "May Be Relevant"

¶ 64    Construing against Staake the doubts the incomplete records create and reviewing his briefs for *prima facie* reversible error, we conclude Staake's briefs do not establish his cases or claims "may be relevant" to the recordings he requested. That is, Staake's briefs do not, on their faces, indicate that it was error for the trial court to grant summary judgment for the

Sheriff's Office because the recordings "may be relevant" to Staake's cases or claims. In both cases, Staake (1) cited the case numbers to his order of protection and criminal cases; (2) stated he and Bounds were involved in these cases; (3) indicated he might bring a malicious prosecution, libel, slander, or defamation suit; and (4) then simply asserted that, thus, the recordings were relevant. More than this is required to establish the recordings "may be relevant."

¶ 65       The party requesting records under the FOIA bears the burden of proving the records "may be relevant," *i.e.*, the exception to the exemption. See *Donley v. City of Springfield*, 2022 IL App (4th) 210378, ¶ 36; but see *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 464 (2003) (stating the public body seeking to invoke the exemption must establish it applies). Staake needed to explain what in the pending or potential cases or claims "may be relevant" to the recordings he requested. See *Donley*, 2022 IL App (4th) 210378, ¶ 36 (the plaintiff, who cited his federal case and asserted it was relevant for purposes of the exception to the exemption in section 7(1)(e-10) of the FOIA, did not establish the requested records "may be relevant" because he failed to provide information about his federal case from which the defendant could ascertain the relevancy of the requested records). Although Staake provided more details than the *Donley* plaintiff about the recordings he requested in the amended complaint in case No. 23-MR-251, stating Bounds told Hembrough and Frazier she was drugged, raped, and taken hostage on the dates alleged in the order of protection and criminal cases, he never explained why his cases or claims were relevant to these statements. *Id.* That failure is fatal here.

¶ 66           b. Whether the Discovery Rules Should Define Relevancy

¶ 67        We choose not to look to the discovery rules to define relevancy for the purposes of what the phrase "may be relevant" means under the FOIA. *Donley* has defined what is necessary in order to assess what "may be relevant," a threshold Staake has not met. That aside, not only is consideration of the issue hampered without briefs from the Sheriff's Office and complete records, but "discovery rules can only be applied under the FOIA by way of rough analogies." (Internal quotation marks omitted.) *In re Marriage of Daniels*, 240 Ill. App. 3d 314, 326 n.1 (1992). Thus, we conclude, for purposes of this case, that what is relevant for discovery purposes is not necessarily relevant for purposes of the FOIA.

¶ 68        In sum, we conclude the incomplete records and the lack of briefs from the Sheriff's Office make review of the merits of this appeal difficult. Because Staake has not established *prima facie* reversible error in that his cases or claims "may be relevant" to the recordings he requested, we cannot reverse the trial court. Moreover, given the circumstances of this case, we reject any suggestion that we should look to the discovery rules to define what "may be relevant" means for purposes of the FOIA.

¶ 69        Because Staake has not prevailed on his claim that the requested recordings were improperly withheld from him, he is not entitled to civil penalties and costs. See *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 40.

¶ 70                                III. CONCLUSION

¶ 71        For the reasons stated, we affirm the trial court's judgment.

¶ 72        Affirmed.